[Crim. No. 104.    Department One.—February 27, 1896.]

## THE PEOPLE, RESPONDENT, v. WARREN WEBSTER, ALIAS WARREN M. WEBSTER, APPELLANT.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—AGE OF PROSE-
CUTING WITNESS—ERRONEOUS CHARGE TO JURY.—Upon the prosecu-
tion of a defendant accused of an assault with intent to commit rape,
the question whether the prosecuting witness is under the age of con-
sent is one of pure fact for the jury, who are not bound to believe the
evidence of the prosecuting witness as to her age; and it is prejudicial
error for the court to charge the jury in effect that she was un-
der the age of consent, upon the ground that her testimony as to her
age was not contradicted by any other witness.

ID.—INSTRUCTIONS AS TO REASONABLE DOUBT.—A court should not depart
in its charge from the common and usual instruction upon the subject
of reasonable doubt.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edw. A. Belcher, Judge.

The facts are stated in the opinion of the court.

*A. Ruef,* for Appellant.

It was not within the province of the court to determine for the jury or to instruct the jury that Ella Martin was under fourteen years of age. The fact that she alone testified to her age and that her testimony was not disputed did not make it an admitted fact (*People* v. *Lang,* 104 Cal. 363; *People* v. *Murray,* 86 Cal. 31; *People* v. *Casey,* 65 Cal. 260; *People* v. *Dick,* 34 Cal. 663; *People* v. *Fon Ching,* 78 Cal. 169; *Cahoon* v. *Marshall,* 25 Cal. 198; *Caldwell* v. *Center,* 30 Cal. 545; *Wood* v. *Tomlinson,* 53 Cal. 720; *Bradley* v. *Lee,* 38 Cal. 363.)

*W. F. Fitzgerald, Attorney General,* and *Charles H. Jackson, Deputy Attorney General,* for Respondent.

Garoutte, J.—Appellant was convicted of an assault with intent to commit rape. He appeals from the judgment and order denying his motion for a new trial.

1. It is first insisted that the evidence was insufficient to support the verdict, but we cannot agree with this contention. The question as to the specific intent with which appellant did the acts proven against him was a matter entirely for the jury to pass upon under the evidence, and by that evidence the jury were fully justified in finding the intent as charged in the information.

2. The prosecutrix in this case took the stand and testified that she was only twelve years of age, and then related the occurrences which took place between her and the appellant, upon which this information is based. Upon cross-examination she was asked if she did not consent to all that was done by appellant, and an objection was sustained to the question, upon the ground that her consent was immaterial, the trial court at the

time stating: " I shall instruct the jury she cannot con-
sent, and, that being so, it is of no legal consequence."
When the time arrived to charge the jury as to the law
of the case the court made good its previous statement
by giving that body this instruction: " By the statute
of this state rape is an act of sexual intercourse, accom-
plished with a female, not the wife of the perpetrator,
under either of the following circumstances: 1. Where
the female is under the age of fourteen years.   Under
the evidence it is not necessary to mention the other cir-
cumstances here. . . . . And this offense, if proved at
all, comes within the section of the statute I have just
read."

In the case of *People* v. *Verdegreen,* 106 Cal. 212, 46
Am. St. Rep. 234, this court held that a female under
the age of fourteen years cannot even consent to an
assault with intent to commit rape, the identical offense
here charged.   The evidence in this case may well be
said to be conflicting upon the fact as to whether or not
this prosecutrix consented, although probably greatly
preponderating to that effect.   Hence, her age was a
vital question in the case.   It may be said to have been
the fact upon which the whole case rested.   Indeed, as
we have seen, the trial judge so construed it.   And we
think it was clearly wrong upon his part to instruct the
jury in effect that this girl was under fourteen years of
age.   This is exactly what he said he would do, and is
substantially what he did do.   The court in so instruct-
ing passed upon a question of fact.   The girl's age, as
we have suggested, was a prominent fact in the case,
and essentially one for the jury to pass upon.   The
court had no more right to tell the jury that under the
evidence the girl was under fourteen years of age, than
it had to tell the jury that under the evidence the offense
charged had been proven.   The court appears to have
assumed that the prosecutrix having testified that she
was but twelve years of age, and no contradictory evi-
dence having been offered, the fact was conclusively
established as a matter of law, and, therefore, it was jus-

tified in so telling the jury. But such principle is
wholly unsound. If the girl had testified to a state of
facts showing that the offense here charged had been
committed, and no contradictory evidence thereof had
been offered, certainly the court would have had no
right to tell the jury appellant's guilt was established.
Yet it could lawfully have done this, if it was justified
in instructing them as to the age of the prosecutrix.

A jury in a criminal case is not bound to believe the
uncontradicted statement of a witness as to a fact. This
court in *People* v. *Murray*, 86 Cal. 34, said: "The jury
were not bound to take the testimony of any witness as
true. From the manner of the prosecuting witness,
and the nature of his whole testimony, the jury might
have disbelieved him if the defendant had not intro-
duced any evidence at all. The whole matter was for
the jury and not for the court." Again, this court said
in *People* v. *Casey*, 65 Cal. 261, that the trial court had
no right even to tell the jury what the evidence "*shows.*"
The province of the jury in passing upon the facts of a
case is a broad one. It is practically unlimited. It is
a constitutional right given to the jurors. It is a con-
stitutional duty imposed upon them. They were not
bound to take this witness' statement of her age as true.
They had the right to disbelieve it, and were not ac-
countable to any court for dereliction of duty in not be-
lieving it. It would be a matter between them and
their consciences alone. It is for the jury to say when
truth and when falsehood come from the mouth of the
witness. The conduct of this witness when upon the
stand may have shown her to have been lying. Her
appearance may have shown her to have been of
mature years. The inherent improbabilities of her tes-
timony may have placed it beyond the pale of belief.
Would such uncontradicted testimony be conclusive if
the witness by her appearance was shown to be wrin-
kled and gray with age? These were matters for the
jury to sift, and weigh, and measure, and matters with
which the court had no right to deal, and above all

things an examination upon which by the jury the court had no right to foreclose. The trial court in assuming the testimony of the prosecutrix in this regard to have been true committed an error which compels a reversal of the judgment and a new trial of the case. The court should have declared the law as laid down in the Verdegreen case, and also have submitted to the jurors the question of fact as to whether or not the prosecutrix was under the age of fourteen years at the time the assault is claimed to have been committed.

3. Counsel for appellant insists that the court committed an error in its instructions to the jury wherein the jurors were told that in order to convict " you are not bound to be absolutely sure that the defendant is guilty." A new trial being necessary for the reasons already given, we will simply say the language here used is a departure from the common and usual instruction upon reasonable doubt. Such departures are always dangerous, and, being dangerous, resort should not be had to them. Mistrials often result thereby. There is no good reason for using untried and dangerous paths when safe and well-traveled roads are equally at hand.

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

VAN FLEET, J., and HARRISON, J., concurred.
CXI. CAL.—25