[Crim. No. 184.   In Bank.—December 8, 1896.]

## THE PEOPLE, RESPONDENT, *v.* LOUISA WORTHINGTON, APPELLANT.

CRIMINAL LAW—HOMICIDE—INSANITY—SELF-DEFENSE NOT INVOLVED—HARMLESS INSTRUCTION.—The court should be careful not to charge the jury in relation to any matter of fact, but where the whole theory and claim of the defense upon a charge 'of murder was the insanity of the defendant at the time of the homicide, and the record discloses without contradiction, and as matter of law, that the question of self-defense was not in the case, the homicide by the defendant having been clearly proven, and there having been no attempt by the defendant to introduce evidence of self-defense, or tending to show that the crime committed amounted only to manslaughter, or that the defendant was justifiable or excusable under the burden devolved upon him by section 1105 of the Penal Code, an instruction telling the jury in effect, that the question of self-defense was not in the case under the evidence, could not be prejudicial to the defendant, and is not ground for new trial.

ID.—HARMLESS RULINGS UPON EVIDENCE.—Rulings for the admission of immaterial evidence, or evidence the objection to which pointed toward its weight, and of evidence as to the receipt of unidentified papers and letters, not connected in some way with the case, are harmless, and not ground of reversal.

ID.—IDENTIFIED LETTERS OF DEFENDANT.—Identified letters from the defendant to the deceased, found upon his body, or handed to a witness by the deceased immediately after he was wounded, are admissible in evidence for the prosecution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion of the court.

*Burnette G. Haskell,* and *John J. Guilfoyle, Jr.,* for Appellant.

The court erred in its instruction to the jury in assuming that defendant conceded that deceased was quietly standing at the wharf at the time of the shooting. (*People* v. *Lang,* 104 Cal. 363; *People* v. *Murray,* 86 Cal. 31; *People* v. *Casey,* 65 Cal. 260; *People* v. *Dick,* 34 Cal. 663; *People* v. *Fong Ching,* 78 Cal. 169; *Cahoon* v. *Marshall,* 25 Cal. 198; *Caldwell* v. *Center,* 30 Cal. 545; *Wood* v. *Tomlinson,* 53 Cal. 720; *Bradley* v. *Lee,* 38 Cal. 362; *People* v. *Webster,* 111 Cal. 381.) The court erred in permitting witness Baddeley to testify as to the whereabouts of the deceased from March 11, 1893, until April 25 or 26, 1893, there being no evidence that defendant knew of the whereabouts of the deceased during that time. (15 Criminal Law Magazine, 496.) It was also error to allow witness Mahoney to testify as to the conversation and acts of deceased after he was wounded, as it was not a dying declaration, nor a statement made in the presence of defendant, nor a part of the *res gestae.* (Wharton on Evidence, sec. 259; *People* v. *Wong Ark,* 96 Cal. 129.) It was error to admit the letters in evidence on the contradictory testimony of the sole witness, Mahoney. (15 Criminal Law Magazine, 496.) The court erred in refusing to instruct the jury that if the coolness and apathy of defendant at or after the fatality was not the deportment natural to be exhibited by a sane person in the position and character of defendant,

they were entitled to consider it as a circumstance tending to prove defendant's insanity. (*Hopps* v. *People*, 31 Ill. 385; Lawson's Rights, Remedies & Practice, 446, 447.)

*W. F. Fitzgerald, Attorney General, Henry E. Carter, Deputy Attorney General,* and *C. N. Post, Deputy Attorney General,* for Respondent.

As there is no evidence of or claim of self-defense, the court was warranted in assuming as the fact that deceased was standing or leaning against a pile of gunny sacks. (*People* v. *Donahue*, 45 Cal. 322; *Watson* v. *Damon*, 54 Cal. 278; *People* v. *McFadden*, 65 Cal. 446; *People* v. *Messersmith*, 61 Cal. 249; *Luman* v. *Kerr*, 4 Greene, 159; *People* v. *Phillips*, 70 Cal. 61; *People* v. *Cochran*, 61 Cal. 550.)   There was no error in refusing defendant's proposed instructions as to *autrefois acquit* and once in jeopardy, as they are not law (*People* v. *Haun*, 44 Cal. 96; *People* v. *Gordon*, 99 Cal. 231; *People* v. *Keefer*, 65 Cal. 235); nor in refusing defendant's proposed instruction as to circumstantial evidence, as it does not correctly state the law. (*People* v. *Gilbert*, 60 Cal. 112; *People* v. *Shuler*, 28 Cal. 495; *People* v. *Strong*, 30 Cal. 153; *People* v. *Gossett*, 93 Cal. 644.)

GAROUTTE, J.—The appellant was convicted of murder in the second degree, and now appeals from the judgment and order denying her motion for a new trial.

It is insisted that the trial court committed error in giving the jury the following instruction: "It is, however, supposed to be unnecessary to elaborate the law of self-defense for the purpose of this case, inasmuch as it is understood to be conceded that the deceased was not, at the moment he was shot, endeavoring to do any injury to the accused woman, or to any other person, but was standing quietly at the wharf when she took his life by shooting him with a loaded pistol." It is unfortunate that the statements of the judge found in this instruction as to the facts of the case should have gone to the jury. It is said in *People* v. *Gordon*, 88 Cal. 426: "That

judges must not charge juries with respect to matters of fact is a constitutional prohibition which has been jealously guarded and rigidly upheld from the earliest judicial history of the state." In *People* v. *Phillips,* 70 Cal. 68, the trial court detailed to the jury certain facts of the case as having been proven, and this court there said: "Of course this mode of charging a jury should be carefully avoided, but it has been held here that an instruction assuming a fact does not demand a reversal, if the fact is admitted, or there is no shadow of conflict of evidence with respect to it."

In the present case, if there was any *bona fide* claim that the killing was done in self-defense, this instruction of the judge would demand a new trial of the case; but we examine the record in vain for any such claim by counsel, and look in vain in that record for a word of evidence tending to show that the killing was done in self-defense. The statement of defendant's counsel to the jury in outlining the facts which were to constitute his client's defense did not even hint at self-defense. The defendant herself testified: "I have no recollection of having fired a shot at him." Defendant's counsel rested the case upon the theory that, if the defendant killed the deceased, she was insane at the time, and not legally responsible for the act. That she did kill the deceased must be taken as a conceded fact, and upon such concession appellant is then left to justify upon the sole plea of nonaccountability. Of course, evidence at the trial offered by a defendant may take a wider range than his opening statement, and may establish defenses not there adverted to. Yet here such is not the fact. The most injurious construction to defendant which could be given the charge is that in effect the jury were told by it that the question of self-defense was not in the case. The record discloses that fact without contradiction and as matter of law; and there is nothing in the giving of this instruction to demand a new trial. There are many trials upon charges of murder where self-defense is not an element, and no harm could pos-

sibly result to a defendant in such a case if the jury were so instructed by the judge.

Section 1105 of the Penal Code provides: "Upon the trial for murder, the commission of the homicide by the defendant being proved, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable." Under the evidence placed before the jury by the prosecution, this was essentially a case covered by the foregoing section of the Penal Code. The homicide by the defendant was proven. No evidence of the prosecution tended to show that the crime committed only amounted to manslaughter, or that it was justifiable or excusable. Under the evidence these conditions cannot be gainsaid for a moment, and, such being the fact, the burden of proof shifted to the defendant; and, if self-defense was relied upon by her, it was for her to produce the evidence. This she did not even attempt to do. In no possible way was defendant's case prejudiced by the giving of this instruction. There is nothing in the case of *People* v. *Webster*, 111 Cal. 381, opposed to the foregoing views.

There was no material error committed in admitting evidence as to the whereabouts of the deceased Baddeley, between March 10th, and April 25th. If the evidence was immaterial the error committed was harmless. But the objection would seem to point more to the weight of the evidence than to its materiality. Neither could any sound objection be made to the evidence of Mahoney, given to the effect that he received certain papers and letters from the deceased immediately after he was shot. As to papers and letters unidentified, and not connected in some way with the case, no possible harm to defendant could have resulted from the admission of this evidence. And as to one letter upon which evidence was offered tending to show that it had been written by defendant, the evidence was clearly admis-

sible.   If the letter had been found upon the body of deceased after death, that fact would have been admissible; and the circumstance that it was given to the witness by deceased immediately after he was wounded, and shortly prior to his death, demands the application of no different principle of law.   This letter, which was introduced in evidence, was signed "Louise," and addressed "Dear Harry."   The defendant admitted after the killing, upon an inspection and reading of the letter, that it was "hers."   The fact that the defendant's name was "Louisa" and the deceased's name "Harry," taken in connection with the admission, furnished a foundation of identification amply sufficient to justify its admission in evidence as her letter.

The court committed no error in refusing to give the various instructions asked by defendant's counsel.

For the foregoing reasons the judgment and order are affirmed.

VAN FLEET, J., HARRISON, J., McFARLAND, J., and HENSHAW, J., concurred.

Rehearing denied.