12  325
116  686

12  325
135  348

## PEOPLE v. URIAS.

An indictment which charges an offense in the following language is insufficient: "In and upon one John Provisso feloniously did make an assault with a deadly weapon, to wit, a pistol loaded with powder and ball, with intent then and there to kill said Provisso, without any just cause or provocation, but with an abandoned and malignant heart."

The allegation of premeditation, or malice aforethought, is a necessary ingredient to the crime of murder, or of an assault with intent to commit such crime.

APPEAL from the Court of Sessions, County of Contra Costa.

The defendant was indicted for an assault with a deadly weapon, with intent to kill. He plead not guilty ; was tried by a jury who returned the following verdict : "We, the jury, find the defendant guilty as charged in the indictment." Upon this verdict judgment was rendered, and the defendant was sentenced to five years' confinement in the State prison. The defendant moved the Court to arrest the judgment upon the following grounds :

1st. The facts stated in the indictment do not constitute a public offense.

2d. The indictment does not substantially conform to the requirements of sections 237 and 238 of the Act regulating Criminal Practice.

The motion was overruled, and the defendant appealed to this Court.

_M. J. Chase_ for Appellant.

_W. W. Theobalds_ for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., concurring.

The indictment charges that defendant at, etc., " in and upon one John Provisso feloniously did make an assault with a deadly weapon, to wit, a pistol loaded with powder and ball, with intent then and there to kill said Provisso, without any just cause or provocation, but with an abandoned and malignant heart."

The statute requires that an indictment shall be direct and certain as to the person charged ; the offense charged and the circumstances constituting the offense, when necessary to constitute a complete offense, (sec. 239) and the offense charged, must be so clearly and distinctly set forth that a person of common understanding may know what was intended, and the Court enabled to pronounce judgment according to the right of the case.

The indictment in this case does not comply with these requirements; and indeed it is difficult to determine from the paper itself whether it was intended by the attorney who drew it as an indictment for an assault with intent to commit murder, or an assault with a deadly weapon with intent to inflict bodily injury, which is an offense of much lower grade.

The Court below seems to have regarded it as an indictment for an assault to commit murder, and sentenced defendant to five years' imprisonment ; but the language employed is more consistent with the supposition that it was intended to charge the lower offense under the second subdivision of section 50 of the Act concerning Crimes, and Punishments.

It is true the indictment charges the act to have been done with

intent to kill, but it does not allege premeditation or malice afore-thought, which is a necessary ingredient to the crime of murder, or of assault with intent to commit such a crime, while it contains averments of the absence of considerable provocation, etc., which are not at all appropriate to an indictment for an assault with intent to murder, but are necessary to make out the statutory offense of assault with a deadly weapon.

It follows that the Court erred in denying the motion in arrest of judgment.

Judgment reversed and cause remanded for further proceedings.