[Crim. No. 658. In Bank.—January 13, 1902.]

## THE PEOPLE, Respondent, v. WILLIAM P. MENDENHALL, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—INSTRUCTIONS—DEFINITION OF MURDER.—Upon a charge of assault with intent to commit murder, it is proper for the court to instruct the jury as to the statutory definition of murder.

ID.—IMPLIED MALICE IN DEFINITION—INSTRUCTION AS TO INTENT TO TAKE LIFE—CONSTRUCTION OF CHARGE—DEFENDANT NOT PREJUDICED.—Where the court elsewhere in its charge distinctly instructed the jury that, in order to sustain the accusation, the prosecution must prove that the assault was committed not only with malice aforethought, but with intention of taking away the life of the prosecuting witness, the charge is to be construed together as a whole, and the fact that implied malice, as well as express malice, is included in the statutory definition of murder could carry with it no implication prejudicial to the defendant.

ID.—SELECTED PASSAGE FROM ENTIRE CHARGE—QUALIFICATIONS EXPRESSED ELSEWHERE.—Where the charge, as a whole, is correct and clear, the fact that a selected passage may state a proposition without at the same time and in the immediate connection stating the exceptions or qualifications to which it is subject, and which appear elsewhere in the charge, does not render the charge erroneous.

ID.—CONSISTENCY OF IMPLIED MALICE WITH ACCUSATION.—The implied malice included in the statutory definition of murder is not inconsistent with the actual intent to take life; and an assault with intent to commit murder might be sustained by proof of an assault with intent to commit murder in the second degree, where no considerable provocation appears, or where the circumstances show an abandoned and malignant heart, in which case malice is implied. [Per Beatty, C. J., Van Dyke, J., and Henshaw, J.]

ID.—ABSENCE OF EVIDENCE—CORRECT INSTRUCTION WHICH MAY APPLY. —In the absence of the evidence from the record, a correct instruction which may be applicable cannot be deemed prejudicial; and this court will not reverse a judgment, in such absence, for the giving of an instruction, unless it is erroneous in every conceivable

state of the case. It is sufficient that a case can be supposed in which the instruction would be both correct and appropriate.

ID.—OFFENSE INVOLVING MANSLAUGHTER—INSTRUCTION FAVORABLE TO DEFENDANT.—An instruction, that "if it appears that the alleged assault was committed under such circumstances as would, had death ensued, have mitigated the offense from murder to manslaughter, such intent was not premeditated, and you cannot find the defendant guilty of the charge preferred against him," though not a clear statement of the intended proposition, was wholly favorable to the defendant, and cannot be construed as a positive instruction to convict, if the jury should find that the offense would have been murder if the prosecuting witness had died.

ID.—REFUSAL OF INSTRUCTION INCLUDED IN CHARGE—INTENTION TO TAKE LIFE ESSENTIAL.—A requested instruction, that "while intent to take life is not essential to constitute murder, yet to constitute an assault with intent to commit murder the wrong-doer must specifically intend to take life," and that the jury cannot find the defendant guilty simply because he would have been guilty of murder had the prosecuting witness died, is correct; but the refusal to give it is not erroneous, where the same proposition is plainly stated in other instructions given by the court.

ID.—INSTRUCTION AS TO INTOXICATION AND INSANITY—PREJUDICE NOT SHOWN—ABSENCE OF EVIDENCE.—In the absence of the evidence, it cannot be assumed that there was any evidence tending to show intoxication or insanity; and it does not appear that the defendant could have been prejudiced by the failure to give a requested instruction which was substantially included in an instruction given, though the request was more favorable to the defendant, on the subject of intoxication, if the evidence had shown that the defendant was too drunk to be conscious of what he was doing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Leon E. Prescott, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

BEATTY, C. J.—The defendant was tried and convicted upon a charge of assault with intent to commit murder. His appeal is from the judgment, and the record before us consists of the judgment-roll alone, without any of the evidence given

at the trial. The only errors assigned are upon rulings of the court in allowing and refusing instructions.

It is contended that the court erred in giving the following as a portion of its charge to the jury: "Murder is the unlawful killing of a human being with malice aforethought. Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow-creature. It is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." This is simply the statutory definition of murder, and as a statement of law is entirely free from error. But it is contended that, although correct in the abstract, it was a highly prejudicial error to give to the jury in this case any instruction on the subject of implied malice, because an essential ingredient of the crime of assault with intent to commit murder is the deliberate intent to kill, which constitutes express malice. And it is urged that the jury might have been led to infer from the mention of implied malice that they could convict the defendant without proof of an intent on his part to take life.

This argument would be far from conclusive, even if it were not founded upon a false assumption as to the law of implied malice, for the court, in another part of its charge, distinctly instructed the jury that to sustain the accusation the prosecution must prove that the assault was committed not only with malice aforethought, but "with the intention of taking away the life of the prosecuting witness." It has been decided over and over again in this court that the entire charge must be considered, and if, as a whole, it correctly states the law, it is free from error, notwithstanding selected passages may state a proposition without at the same time and in immediate connection stating the exceptions or qualifications to which it is subject in its application to the case in hand. This doctrine, it seems to me, is very clearly and very justly applicable to the instruction in question here. The charge of the court, as a whole, is correct and clear. It presents no ambiguity to our minds, and carries no implication unfavorable to the defendant, and as it presents itself to our minds we must assume it was received by the jury.

But, aside from these considerations, the whole argument

of the appellant is based upon a false assumption regarding the law of implied malice. Implied malice is not inconsistent, as counsel assume it to be, with an actual intent to take life. There is a class of homicides in which there is a malicious intent to take life, constituting murder in the second degree, but where the intent is not deliberate, and the malice consequently not express. Such are all cases in which the killing is the result of sudden heat of passion, but the provocation is not sufficient in law (such as insulting words and gestures) to reduce the crime to the grade of manslaughter. To reduce a voluntary and unlawful killing to the grade of manslaughter, the sudden heat of passion in the slayer must have been caused by a serious and highly provoking injury, apparently sufficient to have aroused an irresistible impulse to kill in a reasonable being, such an impulse as excludes the idea of premeditation. But the law dividing murder into the first and second degrees is based partly upon a recognition of the fact that such an impulse to slay may in an unreasonable person be aroused by an inadequate provocation, and that, while in fact the killing is not deliberate, and the malice not express, malice should nevertheless be implied from the absence of any considerable provocation, and the crime classed as murder in the second degree. An intent to kill, therefore, does consist with the crime of murder in the second degree, and, for aught we know, the evidence in this case may have shown an attempt to kill, provoked by insulting words or gestures, producing in the defendant for the moment an irresistible impulse to slay, the very case in which, if the attempt had succeeded, he would have been guilty of murder in the second degree. Such a case is at least conceivable, and in the absence of the evidence this court cannot reverse a judgment for the giving of an instruction, unless it is erroneous in every conceivable state of the case. (*People* v. *Torres,* 38 Cal. 141, and cases cited; *People* v. *Donahue,* 54 Cal. 321; *People* v. *Strong,* 46 Cal. 302.) If this was the case, the instruction complained of was not only not erroneous, but was highly appropriate.

Nothing in conflict with the views here expressed was held in any of the cases relied on by counsel for the appellant. In *People* v. *Wallace,* 101 Cal. 283, it was merely *conceded* for the purposes of that case that implied malice is not equivalent

to the actual intent to commit murder; the point was not decided, and the position was only conceded because it was wholly immaterial, whether it was correct or not. In *People* v. *Burgle,* 123 Cal. 303, the complaint was, that the court had erred in failing to give the instruction, the giving of which is here assigned as error, and nothing was decided, except that the defendant was not injured by the failure to give the instruction. It was said in the course of the opinion that it was doubtful whether the language of section 188 of the Penal Code should be given to the jury at all in a case of assault with intent to commit murder, and the case of *People* v. *Wallace,* 101 Cal. 283, was referred to as intimating that opinion. But as we have seen, the opinion in *People* v. *Wallace,* 101 Cal. 283, merely concedes the point as immaterial, and the proposition is not affirmed either in the one case or the other, neither of them calling for a decision upon the point.

In the case of *People* v. *Mize,* 80 Cal. 42, the court instructed the jury that "if the testimony shows that had Henry Coffey been killed one of the defendants would have been guilty of murder, then that one should be convicted." By this instruction the jury were directed to convict without proof of an intent to kill; for there may be murder in either degree without an intent to kill when there is an attempt to perpetrate some other felony. There is no such fault in the instruction here in question.

Appellant makes the further contention that, to constitute the crime of which he has been convicted, there must not only appear to have been an actual intent to kill, but that intent must have been formed upon deliberate premeditation. If this were true, implied malice would, of course, be a false quantity in the consideration of the case. But the authorities cited by appellant do not sustain him on this point. They only require that there should be an intent to kill, and the circumstances such that if the attempt had been successful the crime would have been murder, and, as we have seen, a premeditated intent is not essential to murder in the second degree. In *People* v. *Urias,* 12 Cal. 325, the question was upon the sufficiency of an indictment which charged neither premeditation nor malice aforethought. It was held that in the absence of either allegation the indictment was bad, but with an allegation of malice aforethought it would no doubt have

been held sufficient, and malice aforethought does not neces-
sarily mean express malice.

There is no ground upon which the giving of this instruc-
tion can be held erroneous.

The appellant next complains of the following instruction
given by the court: "If it appears that the alleged assault
was committed under such circumstances as would, had death
ensued, have mitigated the offense from murder to man-
slaughter, such intent was not premeditated, and you cannot
find the defendant guilty of the charge preferred against
him." This was not a very clear statement of the proposition
it was intended to illustrate, but it was wholly favorable to
the defendant, and could not possibly have been construed
as a positive instruction to convict if the jury should find that
the offense would have been murder if the prosecuting witness
had died.

It is next contended that the court erred in refusing to in-
struct the jury, as requested, that "while intent to take life
is not essential to constitute murder, yet to constitute an
assault with intent to commit murder the wrong-doer must
specifically intend to take life. You cannot find this defend-
ant guilty simply because he would have been guilty of
murder had the prosecuting witness died."

This is a correct statement of the law, and its refusal would
have been error entitling the defendant to a reversal of the
judgment if the same proposition had not been plainly stated
in other instructions given by the court and couched in lan-
guage which in a conceivable case was much more appropriate
than the language quoted.

Instruction IV, requested by defendant, was properly re-
fused as an incorrect statement of the law.

All that was correct in instructions VIII and IX was con-
tained in the general charge of the court, and to have told the
jury—as these instructions run—that the prosecution must
prove an intent to *murder,* might have been understood as
requiring direct proof of a deliberate intent to kill,—the
proposition so strenuously maintained by counsel,—whereas it
was only necessary to prove an intent to kill under circum-
stances (such as absence of adequate provocation) from which
malice would be implied.

Instruction XVI, which was refused, is, in substance, con-

tained in instruction VII, which was given, but is more specific, and in a case where the evidence tended to show that the defendant was too drunk to be conscious of what he was doing would have been more favorable to the defendant. But the evidence is not in the record, and we cannot assume that there was anything tending to show intoxication. In the absence of such evidence, or evidence of insanity, it does not appear that the defendant could have been injured by the failure to restate in one instruction what had been substantially stated in another.

Finding no error calling for a reversal of the judgment, it is affirmed.          · Van Dyke, J., and Henshaw, J., concurred.

McFARLAND, J., concurring.—I concur in the judgment of affirmance. I also concur in the opinion of the chief justice, except that part thereof which treats of implied malice,—as to which I express no opinion. At all events, on the trial of a defendant on a charge of an attempt to commit murder, it is not improper for the court to tell the jury what murder is; and the court carefully instructed the jury that the defendant could not be convicted, unless the act charged was done "with the intention of taking away the life of the prosecuting witness."

Garoutte, J., Harrison, J., and Temple, J., concurred in the concurring opinion.