[Crim. No. 62. Second Appellate District.—November 9, 1907.]

## THE PEOPLE, Respondent, v. CORNELIUS BOWMAN, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—SUFFICIENCY OF EVIDENCE.—Upon a prosecution for an assault with intent to commit rape, where the evidence shows an assault, attended with force and violence, upon a wife in bed with her husband, with a threat to kill them both if they did not keep a blanket over their faces which the defendant had put over them with the declared intent to have sexual intercourse with the wife, and every act and circumstance surrounding the transaction is inconsistent with any inference other than an intent on the part of the defendant to use such force and violence as he might deem necessary to the accomplishment of his expressed purpose, the evidence is sufficient to sustain a verdict of guilty of the offense charged.

ID.—INTENT, HOW DETERMINED—QUESTION FOR JURY.—In such case the intent is to be determined by and from the acts committed; and it is a question for the jury to determine what particular intent follows from those acts.

ID.—ESCAPE OF HUSBAND—ABANDONMENT OF UNDERTAKING.—Where, while attempting to consummate the offense, the husband escaped by jumping through a window, the fact that the defendant then abandoned the undertaking in no wise affects the case.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. F. E. Densmore, Judge presiding.

The facts are stated in the opinion of the court.

Henry M. Willis, for Appellant.

The verdict is contrary to the legal effect of the evidence, there being no resolve of defendant to use any force to carry out his designs. (*People* v. *Manchego,* 80 Cal. 306, 22 Pac. 233; *People* v. *Fleming,* 94 Cal. 308, 311, 29 Pac. 647; *People* v. *Gardner,* 98 Cal. 127, 32 Pac. 880; *State* v. *Hagerman,* 47 Iowa, 152; *Burney* v. *State,* 21 Tex. App. 565, 1 S. W. 458; *Homan* v. *State,* 23 Tex. App. 212, 4 S. W. 575; *Dockery* v. *State,* 35 Tex. Cr. 487, 34 S. W. 281; *Caddell* v. *State* (Tex.), 70 S. W. 91; *Dana* v. *State* (Tex.), 78 S. W. 229; *Franey* v.

*People,* 210 Ill. 206, 71 N. E. 443; *Dorsey* v. *State,* 108 Ga. 477, 34 S. E. 135; *Cox* v. *State* (Tex.), 44 S. W. 157.)

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

The fact that defendant was a burglar did not preclude the formation of an intent to commit the offense charged. (*People* v. *White,* 5 Cal. App. 329, 90 Pac. 471.) The attempt to commit a felony is always included in an assault with intent to commit the same. (*People* v. *Lee Kong,* 95 Cal. 667, 29 Am. St. Rep. 165, 30 Pac. 800; *People* v. *Christian,* 101 Cal. 479, 35 Pac. 1043.) The question of intent was for the jury to determine from the acts and circumstances proven. (*People* v. *Stewart,* 97 Cal. 240, 32 Pac. 8; *People* v. *Landman,* 103 Cal. 580, 37 Pac. 518; *People* v. *Snalon,* 80 Cal. 46, 13 Am. St. Rep. 96, 22 Pac. 67; *People* v. *Webster,* 111 Cal. 382, 43 Pac. 1114; *People* v. *Kuches,* 120 Cal. 569, 52 Pac. 1002; *People* v. *Johnson,* 131 Cal. 511, 63 Pac. 842; *People* v. *Barker,* 137 Cal. 557, 70 Cal. 617.)

SHAW, J.—The defendant was convicted of the crime of assault with intent to commit rape, and appeals from the judgment and an order denying his motion for a new trial.

Appellant urges a reversal upon the ground that the verdict is not supported by the evidence. The only testimony disclosed by the record is that of the prosecuting witness and her husband, and the sole question presented for consideration is, whether or not this uncontradicted evidence is sufficient to establish a *prima facie* case of the crime charged against the defendant. No good purpose can be subserved by any extended reference to the evidence. The prosecuting witness lived with her husband in a tent house consisting of two rooms. The defendant entered the same in the night-time while both husband and wife were asleep. We may concede that he entered the room, where the prosecuting witness was sleeping with her husband, for the purpose of feloniously obtaining money. He was unable to obtain it, and it appears that he then formed the design to commit the crime with which he is charged. The uncontradicted evidence shows that, in response to the defendant's demand for money, the husband informed him that they had only ten or fifteen cents in the house, which

was in a purse under his wife's pillow; that when she attempted to raise up to get it he placed his hand upon her throat, pushed her down upon the pillow, and said he didn't want it; he had a revolver which he thrust in the faces of both husband and wife, accompanying the exhibition with threats to kill them if they did not lie down and keep in place a blanket which he had thrown over their faces; that while thus intimidating them he clearly stated in the vilest language his purpose to have sexual intercourse with the wife, threw the bed covering from her body, and, notwithstanding her resistance, disarranged her night dress and repeatedly placed his hand upon her person; that the husband made his escape by jumping through a window, whereupon defendant abandoned his design and fled from the house.

We cannot agree with counsel's contention that the evidence is wanting in proof that force and violence accompanied the attack.   It would be difficult to conceive of an assault attended by force and violence of a greater degree than is disclosed by the evidence under consideration.

The assault being clearly proven, the intent with which it was committed becomes the vital element in ascertaining the nature of the offense, and the determination of this from all the circumstances and acts of the defendant is the peculiar province of the jury. "In such a case the intent is to be determined by and from the acts committed, and it is not for the judge, but for the jury, to say what particular intent follows from those acts." (*People* v. *Barker*, 137 Cal. 557, [70 Pac. 617].)   And in *People* v. *Johnson*, 131 Cal. 511, [63 Pac. 842], the court in a similar case says: "As he did not have sexual intercourse with her, but did assault her, the question as to his intent was to be determined by all the circumstances and by the acts of defendant." To the same effect is *People* v. *Webster*, 111 Cal. 382, [43 Pac. 1114].   Every act and circumstance surrounding the transaction is inconsistent with any inference other than an intent on the part of the defendant to use such force and violence as he might deem necessary to the accomplishment of his expressed purpose.   The fact that he abandoned the undertaking when the husband escaped from his perilous position in no wise affects the case.   (*People* v. *Stewart*, 97 Cal. 240, [32 Pac. 8].)

We have carefully read and considered the cases cited in appellant's brief, all of which, however, are readily distinguished from the case at bar.

Judgment and order affirmed.

Allen, P. J., and Taggart, J., concurred.