[Crim. No. 899.   Second Appellate District, Division Two.—September 6, 1922.]

THE PEOPLE, Respondent, v. MIT SINGH, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT RAPE—CONFLICT OF EVIDENCE—APPEAL.—In a prosecution for assault with intent to commit rape, the verdict will not be set aside upon appeal on the ground of the claimed insufficiency of the evidence to show such intent, where the evidence is sharply conflicting.

[2] ID.—INTENT — QUESTION FOR JURY.—The intent with which an assault is committed is exclusively for the jury to determine from all the circumstances and acts of the defendant.

[3] ID.—ASSAULT WITH INTENT TO COMMIT RAPE—SEIZURE OF PROSECUTRIX—INSTRUCTION.—An instruction in a prosecution for an assault with intent to commit rape, that in order to find the defendant guilty of such an assault, the jury must be satisfied that the accused, "when he had hold of the prosecutrix," not only desired to gratify his passions upon her person, but that he intended to do so at all events and notwithstanding any resistance on her part, did not constitute an instruction on a matter of fact as assuming the

seizure of the prosecutrix, where the jury was repeatedly instructed on the presumption of innocence and the burden of proof.

[4] ID.—INSTRUCTIONS — CONSIDERATION AS A WHOLE.—The charge of the trial court must be considered in its entirety, and if as a whole it contains a correct statement of the law, it is free from criticism.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. Franklin J. Cole, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sebille & Sebille for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and Lorrin Andrews for Respondent.

CRAIG, J.—The defendant was convicted of the crime of assault with intent to commit rape. He appeals from the judgment and the order denying his motion for a new trial.

From the evidence adduced at the trial it appears that the prosecuting witness and her husband lived in a small tank-house on the ranch of a man named Brown, which was about a block from a family named Carrillo. According to the prosecutrix, Singh came to her door about noon of December 25, 1921, in the absence of her husband. When she met Singh at the door he forcibly seized her and attempted to "hug and kiss" and throw her to the ground. After a struggle of some minutes' duration in front of her house, during which the dress of the prosecutrix was torn, she broke away and ran to the Carrillo house. The defendant followed her with a pistol in his hand until he fell to the ground and she escaped. The prosecutrix is corroborated by three other persons who were at the Carrillo house (which was so situated as to give anyone there a view of the front of the house of prosecutrix) and saw defendant and the prosecutrix struggling together. They further testified that they saw the prosecutrix break away from the defendant and run toward the Carrillo home pursued by the defendant, who had something in his hand, and that about halfway to their house the defendant fell and came no nearer. The defendant denies both the assault and

that he was present at the house of the prosecutrix at the time it was alleged to have taken place.

[1] Appellant first urges as a ground for reversal that there is no evidence whatsoever to show assault with intent to commit rape. This contention is devoid of merit. In the face of the testimony of the prosecutrix, corroborated by three other witnesses, it cannot with reason be said that the jury was unwarranted in determining that the defendant's actions constituted an assault with intent to commit rape. [2] The intent with which an assault is committed is exclusively for the jury to determine from all the circumstances and acts of the defendant. (*People* v. *Bowman,* 6 Cal. App. 749 [93 Pac. 198].) Where, as in the instant case, there is a sharp conflict in the evidence it is too well settled to require citation of authority that the verdict will not be set aside upon appeal.

[3] Appellant relies principally on the claim that the trial court erred in giving the following instruction:

"You are hereby instructed that in order to find the defendant guilty of an assault to commit rape you must be satisfied that the accused, *when he had hold of the prosecutrix,* not only desired to gratify his passions upon her person, but that he intended to do so at all events and notwithstanding any resistance on her part. The assault must have been made with intent to commit a rape notwithstanding all possible resistance that could be made. Intent must have been to perpetrate the crime at all events, regardless of what the prosecutrix might or could do to prevent it, and the question of intent is a question for the jury to determine."

The court instructed the jury that the presumption of innocence was with the defendant, and that the burden of proving him guilty beyond all reasonable doubt rested upon the prosecution and that the jury must acquit unless the evidence established the defendant's guilt beyond a reasonable doubt. This applied to the necessity of proof that defendant assaulted the prosecutrix just as it did to other essentials of the offense charged. The court further informed the jury that "it is not enough for you to be convinced beyond a reasonable doubt that the defendant laid violent hands upon the prosecutrix." It predicated other instructions on the necessity that the jury first find that de-

fendant assaulted the prosecutrix. Appellant argues that
the effect of the instruction first quoted was to assume that
an essential element of the crime had been proved, i. e., the
seizure of the prosecutrix by the defendant, and that as
such it constituted an instruction to the jury on a matter
of fact. It is of course true that the trial court must con-
fine itself in its instructions to matters of law, but we do
not think the instruction under consideration construed with
the entire charge conflicts with this rule. [4] It is well
established by numerous decisions that the charge of the
trial court must be considered in its entirety, and that if as
a whole it contains a correct statement of the law it is free
from criticism. (*People* v. *Wong Hing,* 28 Cal. App. 230
[151 Pac. 1159]; *People* v. *Mendenhall,* 135 Cal. 346 [67
Pac. 325]; *People* v. *Besold,* 154 Cal. 363 [97 Pac. 871].)
In the case of *People* v. *Wong Hing, supra,* the court in-
structed the jury that "the law presumes that everyone
who deliberately and intentionally fires a gun at another
does such act willfully and with malice aforethought," etc.
It was there contended that the instruction told the jury
that the defendant had actually fired at the deceased, and
that because of his firing the natural consequence of his
act, namely, the death of Gue Ton, was intended by him.
In its decision the court used the following language:
"Considered alone, or without reference to other parts
of the charge delivered by the court to the jury, the de-
fendant's criticism would, of course, be sound and just, but
it was the duty of the jury, as it is our duty in reviewing
the instructions, to consider the entire charge of the court,
'and if, as a whole, it correctly states the law, it is free
from error, notwithstanding selected passages may state a
proposition without at the same time and in immediate con-
nection stating the exceptions or qualifications to which it
is subject in its application to the case in hand.' (*People*
v. *Mendenhall,* 135 Cal. 346 [67 Pac. 325]. See, also,
*People* v. *Doyell,* 48 Cal. 85; *People* v. *Flynn,* 73 Cal. 511
[15 Pac. 102]; *People* v. *Worden,* 113 Cal. 569 [45 Pac.
844]; *People* v. *Quinby,* 6 Cal. App. 482 [92 Pac. 493];
*People* v. *Del Cerro,* 9 Cal. App. 764, 769 [100 Pac.
887]; *People* v. *Bruggy,* 93 Cal. 476 [29 Pac. 26];
*People* v. *Besold,* 154 Cal. 363, 370 [97 Pac. 871].) The
court, in its charge, repeatedly instructed the jury that

the presumption of innocence was with the defendant, that, consequently the burden of proving the defendant's guilt beyond a reasonable doubt was upon the prosecution, and that unless the evidence established guilt beyond a reasonable doubt the defendant would be entitled to a verdict of acquittal. Viewed by the light of these instructions, the criticised instruction must be construed to mean, as no doubt the jury so understood it, that if the evidence showed beyond a reasonable doubt that the defendant deliberately and intentionally fired a gun or pistol at the deceased, it was to be presumed that he did so willfully and with malice aforethought. As stated, the jury presumptively so understood the instruction and as so construed it was properly given in this case.''

The situation in the case just discussed in singularly analogous to the one at bar. The trial court made it plain in its instructions to the jury that to convict the defendant they must be satisfied beyond a reasonable doubt that the defendant actually laid hands on the prosecutrix and, viewed by the light of these instructions, the instruction criticised must be construed to mean that if the evidence shows beyond a reasonable doubt that the defendant violently laid hands on the prosecutrix, then and in that case they must be further satisfied that he intended to commit a rape, notwithstanding all possible resistance that could be made. (*People* v. *Wong Hing,* 28 Cal. App. 230 [151 Pac. 1159].)

Appellant cites several cases to sustain the proposition that an erroneous charge which is not withdrawn is not cured by a subsequent correct charge on the same point. These cases are not in point for, without exception, they involve conflicting and contradictory instructions which contain erroneous statements of the law. As construed, the instruction under consideration contains a correct statement of the law and neither conflicts with nor contradicts any part of the trial court's charge to the jury.

No error appearing the judgment and order appealed from are affirmed.

Finlayson, P. J., and Works, J., concurred.