## STATE, Respondent, v. JOHN ANDREASON, Appellant.

### [257 Pac. 370.]

CRIMINAL LAW—RAPE—GRAVAMEN OF OFFENSE—EVIDENCE—QUESTION OF INTENT—EVIDENCE SUPPORTS FINDINGS.

1. Gravamen of offense of assault with attempt to commit rape is specific intent with which assault was alleged to have been made.

2. In prosecution for assault with intent to commit rape, question as to intent with which assault was made is one of the facts to be determined by jury.

3. In prosecution for assault with intent to commit rape, evidence on question of intent *held* sufficient to sustain conviction.

4. Where there was substantial evidence to support finding of jury of· specific intent in prosecution for assault with intent to commit rape, supreme court will not be justified in disturbing verdict, even on conflict of evidence.

5. When a confession is offered in evidence, the question whether it was made voluntarily or otherwise is primarily for the determination of trial court.

---

Publisher's Note.
   1.   See 22 R. C. L. 1232.
   5.   See 1 R. C. L. 577.

   See Criminal Law, 16 C. J., sec. 2287, p. 926, n. 67; 17 C. J., sec. .3593, p. 255, n. 55; sec. 3594, p. 264, n. 89.
   Rape, 33 Cyc., p. 1433, n. 41, p. 1493, n. 72, p. 1494, n. .76, p. 1501, n. 11.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

John Andreason was convicted for assault with intent to commit rape, and he appeals. *Affirmed.*

Walter H. Anderson, for Appellant.

The alleged confession in this case should not have been received in evidence for the reason that it was not voluntarily given. (*People v. Thompson,* 84 Cal. 598, 24 Pac. 384; *People v. Barric,* 49 Cal. 342; 1 Green, Evidence, 219, footnotes on pp. 1291, 1292, 1293; Wharton, Crim. Evidence, 10th ed.)

The verdict in this case is not supported by the evidence and is contrary to the evidence, and the evidence is insufficient to support the verdict or show the commission of any offense, in that it fails to show the specific intent to commit rape, by force and in spite of resistance. (*People v. Brown,* 47 Cal. 447; *People v. Fleming,* 94 Cal. 308, 29 Pac. 647; *Rushton v. State,* 58 Fla. 94, 50 So. 486; *Lynch v. State* (Tex. Cr.), 279 S. W. 271; *State v. Massey,* 86 N. C. 658, 41 Am. Rep. 478; *State v. Hill,* 181 N. C. 558, 107 S. E. 140; *Commonwealth v. Merrill,* 14 Gray (Mass.), 415, 77 Am. Dec. 336; *Barr v. People,* 113 Ill. 471; *Stevens v. People,* 158 Ill. 111, 41 N. E. 856; *Austin v. State* (Miss.), 48 So. 817; *Bell v. State,* 61 Fla. 6, 54 So. 799; *Dina v. State,* 46 Tex. Cr. 402, 78 S. W. 229; *Anderson v. State,* 77 Ark. 37, 90 S. W. 846; *Stoker v. State,* 93 Tex. Cr. 24, 245 S. W. 444; *State v. Perkins,* 31 S. D. 447, 141 N. W. 364; *State v. Smith,* 136 N. C. 684, 49 S. E. 336; *State v. Riseling,* 186 Mo. 521, 85 S. W. 372; *Hatcher v. State,* 99 Tex. Cr. 556, 270 S. W. 1024.)

Frank L. Stephan, Attorney General, and Leon M. Fisk and John W. Cramer, Assistant Attorneys General, for Respondent.

In an assault with intent to rape the question of intent is a fact for the jury to determine. (*State v. Beard,* 6 Ida.

614; *State v. Neil*, 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *People v. Makovicki*, 316 Ill. 407, 147 N. E. 393; *People v. Onessimo*, 65 Cal. App. 341, 224 Pac. 101; *People v. Mit Singh*, 59 Cal. App. 64, 209 Pac. 1013; *People v. Bowman*, 6 Cal. App. 749, 93 Pac. 198; *People v. Norrington*, 55 Cal. App. 103, 202 Pac. 932.)

The verdict of the jury will not be disturbed where there is any competent evidence to support it. (*State v. Beard, supra; State v. Neil, supra; People v. Norrington, supra; People v. Onessimo, supra.*)

The evidence is sufficient to sustain the verdict of the jury. (*State v. Neil, supra;* and authorities cited above.)

The question of whether or not a confession is voluntary is primarily for the trial judge and his decision will not be disturbed unless a clear abuse of discretion is shown. (*People v. Haney*, 46 Cal. App. 317, 189 Pac. 338; *People v. Grafft*, 61 Cal. App. 7, 214 Pac. 273; *People v. Castello*, 194 Cal. 595, 229 Pac. 855; *Commonwealth v. Hudson*, 185 Mass. 402, 70 N. E. 436; *State v. Allison*, 24 S. D. 622, 124 N. W. 747.)

An adjuration to tell the truth does not render a confession inadmissible. (*Huffman v. State*, 130 Ala. 89, 30 So. 394; *Jackson v. State*, 29 Tex. Civ. App. 458, 16 S. W. 247; *State v. Armstrong*, 167 Mo. 257, 66 S. W. 961; *State v. Allison*, 24 S. D. 622, 124 N. W. 747; *Hintz v. State*, 125 Wis. 405, 104 N. W. 110; Wigmore on Evidence, sec. 832; *People v. Haney*, 46 Cal. App. 317, 189 Pac. 338; *People v. O'Brien*, 53 Cal. App. 754, 200 Pac. 766; *Reagan v. People*, 49 Colo. 316, 112 Pac. 785.)

BUDGE, J.—Appellant was convicted of the crime of assault with intent to commit rape, and he appeals from the judgment, assigning as error insufficiency of the evidence to support the verdict; that the verdict is contrary to the evidence, and the admission in evidence of an alleged confession made by appellant.

The particulars in which the evidence is claimed to be insufficient, and wherein the verdict is alleged to be con-

trary to the evidence, are that the testimony of the prosecuting witness is to the effect that she fought off appellant's attack upon her to the limit of her resistance and to the extent of becoming completely exhausted, after which appellant desisted in his efforts and allowed her to get up and go, all of which, appellant contends, fails to show an intent to have sexual intercourse with the prosecuting witness by use of any and all force necessary to accomplish that purpose.

The record evidence as to the acts leading up to and surrounding the commission of the offense charged shows, in brief, that the prosecuting witness and appellant were together on the evening of June 26, 1925, the date on which the offense was alleged to have been committed, and that after getting out of a car in which they had been riding they walked to a point near a bridge, when appellant began pulling the prosecuting witness toward him and in the girl's attempt to draw herself away from his grasp they fell on the ground. A struggle ensued during which appellant placed his hand over the girl's mouth when she attempted to scream, and while holding her on the ground, raised her dress. After she had managed to get up several times and appellant had reached for her again, the prosecuting witness pushed appellant away and ran to a house near by where she saw a light. It is in evidence that when she reached the house one of her arms was bleeding, her dress was torn, and she was bereft of one shoe, later found at the place of the assault. The prosecuting witness. testified that she was completely exhausted from the scuffle and that perhaps she could not have gotten away if appellant had not wanted to let her go.

[1, 2] The gravamen of the offense charged against appellant is the specific intent with which the assault, admittedly proven, was alleged to have been made; that is, that appellant attacked the person of the prosecuting witness with the aim, design and purpose of having carnal knowledge of her. The question of intent is one of fact to be determined by the jury. (*State v. Neil,* 13 Ida. 539, 90 Pac. 860, 91 Pac. 318; *People v. Makovicki,* 316 Ill. 407, 147

N. E. 393; *People v. Mit Singh,* 59 Cal. App. 64, 209 Pac. 1013; *People v. Bowman,* 6 Cal. App. 749, 93 Pac. 198.) Unless it can be said that the facts proven afford no reasonable ground for the inference drawn by the jury from the outward acts and conduct of the accused herein, as well as from the surrounding circumstances, we would not be justified in disturbing the verdict upon the ground of the insufficiency of the evidence to show a felonious intent. (*People v. Onessimo,* 65 Cal. App. 349, 224 Pac. 101.)

Appellant conceives the law to require an intent to accomplish the act in spite of any resistance that the victim may put forth. Such, we think, is a misconception, or at least an overemphasis, as to the necessity for resistance on the part of the woman attacked. "The importance of resistance by the woman is simply to show two elements of the crime—the assailant's intent to use force in order to have carnal knowledge, and· the woman's nonconsent." *People v. Norrington,* 55 Cal. App. 103, 202 Pac. 932, quoting with approval from the Idaho case of *State v. Neil, supra,* wherein it was said:

"A large number of authorities are cited by counsel for appellant to the effect that the state must show in such cases that the female 'showed the utmost reluctance and used the utmost resistance.' (*Devoy v. State,* 122 Wis. 148, 99 N. W. 455.) To our minds the trouble with a number of these authorities is that they reverse the order of the inquiry; they go about inquiring into the kind, character and nature of the fight put up by the woman, rather than the nature of the assault and evident and manifest purpose and intent of the assailant. For the purpose of reaching the conclusions announced in some of these cases it is necessary to assume that, in the first place, a man has a right to approach a woman, lay hold on her person, take indecent liberties with her, and that unless she 'kicks, bites, scratches and screams (*People v. Morrison,* 1 Park. Cr. Rep. [N. Y.] 625), to the 'utmost of her power and ability,' she will be deemed to have consented, and indeed to have invited the familiarity. Such is neither justice, law nor sound reason. On the contrary, under the statute a case

might arise where a conviction could properly be had for assault with intent to commit rape, and still no personal encounter or contact have ever taken place. In fact, many such cases are reported. (23 Am. & Eng. Ency. of Law, 866, and notes; 1 McClain's Criminal Law, sec. 463; 10 Ency. of Ev. 607, and cases cited.)''

[3, 4] If it be conceded that appellant finally desisted in his efforts to accomplish the object which the jury found he had intended, and that it was by reason of his cessation from the encounter that he did not consummate his purpose, this would not justify the conclusion of an absence of a lecherous desire before he withdrew from the struggle, or detract in any way from the effect of his exhibition. (*State v. Moore,* 110 Kan. 732, 205 Pac. 644.) By its verdict the jury found the element of specific intent to have existed, and there is substantial evidence to support that finding, which being true, this court would not be justified in disturbing the verdict, even upon a conflict in the evidence. As was said in *State v. Neil, supra*:

''What the assailant really meant to do, however, and the manner in which he meant to accomplish his purpose—whether by persuasion, force or fear—is a question of fact to be determined by the jury, and an appellate court should not disturb their finding simply because there is a conflict of evidence, but only for a failure of evidence on which to rest that finding and verdict.''

[5] The trial court admitted in evidence and permitted to be read to the jury a statement signed by appellant concerning his actions toward the prosecuting witness at the time the offense charged was alleged to have been committed. It is contended by appellant that this statement was not voluntarily made. Opposed to testimony of the appellant in this respect there is testimony by witnesses for the state that the statement was voluntarily made. The rule would seem to be that when a confession is offered in evidence, the question of whether it was made voluntarily or otherwise is primarily for the determination of the trial court, and an examination of the record before us on this point convinces

44 Idaho—26

us that the admission of the statement signed by appellant was not error. (*Commonwealth v. Hudson,* 185 Mass. 402, 70 N. E. 436; *People v. Grafft,* 61 Cal. App. 7, 214 Pac. 273; *State v. Allison,* 24 S. D. 622, 124 N. W. 747.)

From what has been said it follows that the judgment should be affirmed, and it is so ordered.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.