Vernon Junior PRIVITT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12682.

Criminal Court of Appeals of Oklahoma.

March 4, 1959.

Paul R. Haunstein, Enid, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal by Vernon Junior Privitt from a judgment and sentence rendered against him on May 15, 1958, in the District Court of Garfield County, Oklahoma, on an information charging him in two counts, first, with felonious assault upon Kathleen Platt with intent to rape, allegedly committed on or about January 15, 1958, or second, assault with intent to rob the said victim. 21 O.S.1951 § 681. He was tried by a jury, convicted of assault with intent to rape, and the jury being unable to agree on the penalty, determination thereof was left to the trial court which fixed his punishment at two years in the state penitentiary. Judgment and sentence were entered accordingly, from which this appeal has been perfected.

The defendant first urges that the information was duplicitous and the trial court erred in not sustaining his demurrer. This point is without merit under the hereinafter cited authorities and the provisions of 22 O.S.1951 § 404, reading as follows:

"The indictment or information must charge but one offense, but where the same acts may constitute different offenses, or the proof may be uncertain as to which of two or more offenses the accused may be guilty of, the different offenses may be set forth in separate counts in the same indictment or information and the accused may be convicted of either offense, and the court or jury trying the cause may find all or either of the persons guilty of either of the offenses charged, and the same offense may be set forth in different forms or degrees under different counts; and where the offense may be committed by the use of different means, the means may be alleged in the alternative in the same count."

The same indictment or information may contain two counts provided the averments in the indictment or information show that both counts are based upon one and the same transaction; and upon trial the accused may be convicted of either of the offenses. Cochran v. State, 4 Okl.Cr. 379, 111 P. 974; Thoreson v. State, 69 Okl.Cr. 128, 100 P.2d 896. Such is the situation herein and the information is not duplicitous.

Under his second assignment of error, the defendant alleges the trial court erred in not requiring the state to elect on which count it would rely for conviction. The defendant cites no authority in support of this contention. To the contrary is Bond v. State, 9 Okl.Cr. 696, 129 P. 666, 667, wherein it was said:

"We think that the different counts in the indictment all charge one and the same offense, and are based upon the same transaction, and that they were inserted in the indictment merely for the purpose of avoiding the possibility

of a variance between the allegations and the evidence. See Williams v. United States, 17 Okl. [28], 33, 87 P. 647; Sturgis v. State, 2 Okl.Cr. 362, 102 P. 57; De Graff v. State, 2 Okl. Cr. 519, 103 P. 538. The trial court therefore did not err in refusing to require the state to elect upon which count in the indictment it would put the defendant upon trial."

Griswold v. State, 23 Okl.Cr. 136, 212 P. 1018; Boone v. State, 15 Okl.Cr. 29, 175 P. 61; Hughes v. State, 7 Okl.Cr. 117, 122 P. 554. Under these authorities, this contention is wholly without merit since the two counts involved but one offense, and upon one of which the jury could and did base its verdict.

The defendant's next contention is that the verdict is not sustained by sufficient evidence. He relies upon the case of Cape v. State, 61 Okl.Cr. 173, 66 P.2d 959, 963. We do not believe that he can find relief in the Cape case for therein it was said:

"The felonious intent is the essence of the offense. It is elementary, when a specific intent is required to make an act an offense, that the doing of the act does not raise a presumption that it was done with the specific intent. Intent, which is essential to support conviction of assault with intent to rape, cannot be presumed, but must be shown to exist by competent evidence and beyond a reasonable doubt. Something more than a mere intention and solicitation is necessary.

"It is therefore necessary that the acts and conduct of the defendant should be shown to be such that there can be no reasonable doubt as to the felonious intent. If these acts and conduct are equally consistent with the absence of the felonious intent, then it is clear they are insufficient to justify or sustain a verdict of guilty."

On this basis, we must ascertain the correctness of the jury's finding. In Easter v. State, 74 Okl.Cr. 114, 123 P.2d 691, 694, it was said:

"From a reading of the cases from this court and other courts it will be seen that the question of intent is the real basis for the decision of the jury, the question being, was there an intent on the part of the defendant to have or attempt to have intercourse with the prosecutrix."

It is contended that if the defendant had any intention to commit rape, it was abandoned short of attempted penetration and therefore would constitute no more than assault and battery citing Cape v. State, supra. The trial court instructed the jury on this contention. Moreover, this contention is without merit as was said in People v. Bradley, 71 Cal.App.2d 114, 162 P.2d 38, 40:

"Nor is there merit in his contention that if there had been such an intention it was abandoned when he left Mildred and climbed into the back seat with Rachael. Such abandonment on his part has 'not the slightest tendency to purge him of the legal consequences of his criminal conduct.' People v. Stewart, 97 Cal. 238, 240, 32 P. 8, 9. For, as stated in the case last cited, 'If an assault with the intent here alleged is made, it is no less a crime, though the aggressor should abandon his intentions before the consummation of the act.' See also People v. Jones, 112 Cal.App. 68, 296 P. 317; People v. Bowman, 6 Cal.App. 749, 93 P. 198. When he placed the knife against Mildred he definitely committed an assault upon her person, and under the facts of the case, i. e., his statements and his conduct, the jury were entirely within their province in determining that this was an assault with intent to commit rape. 'What the assailant meant to do, however, and the manner in which he intended to accomplish his purpose— whether by persuasion, force, or fear— is, as we have said, a question of fact to be determined by the jury; and an

appellate court should not disturb their finding simply because conflicting inferences may reasonably be deduced from the evidence.' People v. Norrington, 55 Cal.App. 103, 110, 202 P. 932, 935. The intent with which the assault herein charged was committed was exclusively for the jury to determine from all of the circumstances and acts of the defendant. People v. Mit Singh, 59 Cal.App. 64, 209 P. 1013. 'It is the function of the jury in the first instance, and of the trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground of the insufficiency of the evidence to support it, it must be made clearly to appear that upon no hypothesis whatever is there substantial evidence sufficient to support the conclusion of the trial court.' People v. Tom Woo, 181 Cal. 315, 184 P. 389."

This Court has repeatedly stated the last premise in the language:

"Where there is any evidence reasonably supporting the jury verdict the same will not be reversed or set aside on appeal for insufficiency of evidence."

Hall v. State, Okl.Cr., 306 P.2d 361. The question thus presented is, in light of these principles, do the facts support the jury's finding of assault with intent to rape?

The evidence herein discloses that the defendant, in the guise of needing the use of a telephone to get help because of a flat tire, gained admission into the prosecutrix' home where she, 19 years of age, resided alone. The defendant said he had some friends at the church, only three or four blocks away, who would help him. The prosecutrix tendered her services and automobile but said she would have to get her coat and things before she could go out. Afterwards, returning to the front door, she started to open it and the defendant clapped his hand over her mouth, twisted her arm behind her, and told her not to cry out or he would hurt her. She was badly frightened, she related. The defendant then told her he was going to rob her and she said she had no money. He then pushed her into the bedroom. There, he picked up a rope from the vanity and tied her hands behind her. He then told her he was a sex maniac and pushed her down on the bed, raised her sweater, unfastened her bra, and took liberties with her person. She said she was badly frightened and began talking and reasoning with him. He said, "I guess you know what a sex maniac is." She told him this was her period. He said, "We will see", and jerked her jeans open. She kept talking and he finally told her she had not screamed and fought as most women did and said since she had been reasonable, "he wouldn't do anything" to her. He then put his hand over her mouth again and said if she screamed he would hurt her. He then took her into the living room and told her he would have to tie her up. He could not find anything to tie her with and told her not to call the police for five minutes and he would not tie her and would release her hands. She agreed and he untied her hands and left immediately. She reported the incident to the police.

A few days later she saw him sitting in a laundromat. She called the police and his arrest followed. After his arrest he was advised of his rights and then confessed his guilt. In his signed and witnessed confession he admitted he "started to rape her, but she kept talking and talked me out of it." He did not take the stand and repudiate this admission.

Under the foregoing facts, both the testimony of the victim and the confession of the defendant, combined with his statements and conduct, clearly establish the assault with intent to commit rape. In light of the foregoing authorities, the evidence presented a question for the jury, and is sufficient to sustain its findings.

■ ■ Finally, the defendant contends the remarks of the county attorney in his closing argument to the jury were highly prejudicial. The arguments were not re-

corded by the reporter. We have repeatedly held in situations such as this:

> "Ordinarily error cannot be predicated upon mere unexplained excerpts from the argument of the county attorney. Enough must appear of record to advise the appellate court of what preceded the alleged objectionable remarks and their meaning to be deduced from the context, and as to whether or not they were invited or provoked by remarks made by counsel for defendant."

Gorum v. State, 67 Okl.Cr. 75, 92 P.2d 1086; Dixon v. State, 56 Okl.Cr. 454, 42 P. 2d 286. The record herein is insufficient for us to determine whether the county attorney's statements in his closing argument were invited or provoked.

We are thus of the opinion that the defendant's grounds for reversal are without merit. The judgment and sentence is accordingly affirmed.

POWELL, P. J., and NIX, J., concur.