[No. 21626. Department Two.—February 7, 1894.]

THE PEOPLE, RESPONDENT, *v.* JOHN WALLACE, APPELLANT.

CRIMINAL LAW—PLEA OF NOT GUILTY—FORM OF PLEA.—Where the defendant in a criminal action interposes a plea of "not guilty" of the charge as stated in the information, such plea entered in the minutes of the court is substantially in the form described by section 1107 of the Penal Code, which requires a plea of not guilty to state substantially that "the defendant pleads that he is not guilty of the offense charged."

ID.—TRIAL—CHALLENGE TO PANEL OF JURY—NONRESIDENCE OF JURORS—SPECIAL VENIRE.—The only ground of challenge to the panel of a jury summoned by special venire is "bias of the officer who summoned them," as provided in section 1064 of the Penal Code, and a challenge of such panel on the ground that they are nonresidents of the county is not admissible, and the court is not bound to try an issue of fact thereon because the district attorney states that the prosecution denies the challenge.

ID.—RESIDENCE OF JUROR—FORMATION OF NEW COUNTY.—Where a juror, upon a criminal trial in San Bernardino county, was challenged on the ground that he was not a resident of that county, but of the new county of Riverside, the challenge is properly overruled where it appears that the trial took place three days before the returns of the election were declared by which the county of Riverside came into existence.

ID.—JUDICIAL NOTICE—EXISTENCE OF NEW COUNTY.—Whether or not a new county had been created and existed at the time of the trial of a criminal action, is a matter of judicial notice, where the act for the organization of the county declares that it shall be and become an organized county from and after the day upon which the returns of an election in favor of creating it shall be ascertained and declared by the board of commissioners.

ID.—ASSAULT WITH DEADLY WEAPON WITH INTENT TO MURDER—CONVICTION OF LESS OFFENSE—HARMLESS ERROR IN INSTRUCTIONS.—Where a defendant, accused with an assault with a deadly weapon with intent to murder, is convicted only of an assault with a deadly weapon, any error in instruction upon the subject of the intent to murder, which could have no bearing upon the lower offense of which the defendant was convicted, is harmless.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial.

The facts are stated in the opinion.

*R. E. Bledsoe,* for Appellant.

*Attorney General W. H. H. Hart,* for Respondent.

VANCLIEF, C.—The defendent was tried, in the county
of San Bernardino, on an information by the district
attorney, for an assault with a deadly weapon with in-
tent to murder; but was convicted of only an assault
with a deadly weapon. He appeals from the judgment
and from an order denying his motion for a new trial.

1. It is contended that the plea of the defendant, as
entered in the minutes of the court, was not in form
or substance such as required by section 1017 of the
Penal Code, viz:

"Every plea must be oral and entered upon the min-
utes of the court substantially in the following form:

" 2. If he plead not guilty: 'The defendant pleads
that he is not guilty of the offense charged.'"

The minutes of the court show that the defendant
was regularly arraigned on March 6, 1893, and upon
being asked whether he was guilty or not guilty, his
attorney asked further time to plead, and was given
until March 8th. On March 8th, the following entry
was made in the minutes:

" *The People of the State of California* v. *John Wallace.*

" Defendant and his counsel are present and the dis-
trict attorney is present. Counsel for defendant inter-
poses a demurrer to complaint; the same being overruled
by the court. Defendant thereupon interposes a plea
of not guilty of the charge as stated in the information."

I think the plea entered in the minutes is " *substanti-
ally,*" in the form prescribed by section 1017 of the
Penal Code.

It is claimed that the plea is improperly limited to
the charge, " *as stated in the information,*" as if the de-
fendant was required to plead to a charge as stated else-
where than in the information.

2. The jury was not drawn, but was summoned by
the sheriff by authority of a special *venire facias* regu-
larly issued by order of the court.

Before any juror was sworn the defendant challenged
the panel " on the ground that the panel of the jurors

served and returned are nonresidents of the county of San Bernardino."

The district attorney said: " Prosecution denies the challenge." Thereupon the court overruled the challenge for the reason that the only ground of challenge to the panel of a jury summoned by a special venire is, "bias of the officer who summoned them," as provided in section 1064 of the Penal Code.

This ruling seems to be warranted by the case of *People* v. *Welch*, 49 Cal. 177; but counsel for appellant contends that inasmuch as the district attorney denied the challenge, the court was bound to try the issue of fact, that is to say, the court was bound to try an immaterial issue, a decision of which would have been of no consequence on the challenge of the panel, on the sole ground that the jury summoned were nonresidents of the county. I think the mere statement of this proposition is a sufficient refutation of it.

3. While the jury was being impaneled John Schliesman was called as a juror, and, upon examination as to his qualifications, answered that he was a resident of that part of the territory which had lately been set off from San Bernardino county into the new county of Riverside. Thereupon the defendant challenged the juror on the ground that he was not a resident of the county of San Bernardino. It is contended by appellant that the court erred in overruling this challenge. No evidence was offered in support of or in opposition to the challenge, except the testimony of the juror above stated. The only question involved in the ruling of the court on this challenge, or discussed by counsel, is whether or not the county of Riverside had been created and existed at the time of the trial of this action; and whether that county had been created and existed at the time of the trial, must have been judicially known to the trial court at the time of the trial, and is so known by this court (*Brumagim* v. *Bradshaw*, 39 Cal. 24; Code Civ. Proc., sec. 1875), since the fact depended upon the effect of an act of the legislature, approved May 11, 1893,

entitled, "An act to create the county of Riverside," etc.,
and the official action of the board of commissioners
appointed by that act to organize the county of River-
side, which board was required by the act to "keep a
full record of their proceedings, transmitting to the
secretary of state a certified copy thereof." The com-
missioners were required to call an election of the quali-
fied voters residing in the territory of which the new
county was to be composed, to be held on May 2, 1893,
"at which election shall be submitted to the said quali-
fied electors of said county of Riverside, as herein pro-
vided, whether there shall be formed and organized the
county of Riverside, as herein provided for." The act
further provides, that if two-thirds of the vote cast shall
be in favor of creating the proposed new county, "then
the said territory hereinabove described shall be and
become the organized county of Riverside, *from and
after the day upon which the returns of said election
shall be ascertained and declared by the said board of
commissioners.*"

In the certified copy of the proceedings of the board
of commissioners transmitted to the secretary of state,
and filed in his office, appears the following:

"And now at this time, that is to say, May 9, 1893,
Commissioner John McLaren offers the following reso-
lution:

"Whereas, The board of county commissioners of
Riverside county, in pursuance of the directions con-
tained in section 5 of the act to create Riverside county,
approved March 11, 1893, caused the election referred
to in said section to be held at the time and in the man-
ner therein appointed;

"And Whereas, The said board has canvassed the
votes cast at said election, and by said canvas has ascer-
tained and do hereby declare the returns of said election
to be as follows:

"The new county of Riverside, Yes, 2,277 votes;

"The new county of Riverside, No, 681 votes.

"And it appearing that said votes cast in favor of the

new county of Riverside exceed two-thirds of the votes at said election on said question,

"*Resolved*, That in pursuance of the power and authority vested in us by said above-named section, we, the said board of commissioners, do therefore declare that from and after this date the territory described in said act shall be and it hereby is declared to be the organized county of Riverside. Dated this ninth day of May, 1893."

Thus it appears that the returns of the election were " declared" on the ninth day of May, 1893—three days after the trial of this action; and, consequently, the county of Riverside did not exist until after the trial.

4. Appellant further contends that the court erred in giving to the jury the following instructions:

"Murder is the unlawful killing of a human being with malice aforethought.

"Such malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take the life of a fellow-creature. It is implied when no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart."

Conceding that implied malice is not equivalent to the actual intent to murder, essential to the offense charged, and that the instruction was therefore erroneous, it was, nevertheless, harmless, since the defendant was acquitted of the offense charged, to which alone the instruction applied; and the instruction had no bearing upon the lower offense of which the defendant was convicted. In the case of *People* v. *Mize*, 80 Cal. 42, cited by appellant, the defendant was convicted of an assault *with intent to murder*, and was presumably injured by the instruction held to be erroneous in that case.

I think the order and judgment should be affirmed.

SEARLS, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.