[Crim. No. 438.   Department Two.—January 19, 1899.]

THE PEOPLE, Respondent, v. ANTHONY BURGLE, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO MURDER—MALICE—INSTRUCTIONS.—Upon the trial of a charge of assault with intent to commit murder, it seems that section 188 of the Penal Code, describing both express and implied malice, should not be given as an instruction, and the failure to give it when not asked for by the defendant is not prejudicial to him. An instruction that the word "malice," as involved in the crime charged, "imports" a wish to vex, annoy, or injure another person, or an intent to do a wrongful act, is not erroneous, because not describing implied malice, which is not the equivalent of the actual intent essential to the crime of assault with intent to commit murder.

ID.—INSANITY—INSTRUCTIONS AS TO INTENT TO MURDER—HARMLESS OMISSION OF DEFENSE.—Instructions correctly stating the law upon the subject of intent to commit murder, as applied to a sane man, are not prejudicially erroneous, because omitting to include the defense of insanity, where it appears that the court elsewhere in its charge repeatedly instructed the jury that if the defendant was insane at the time of the assault he was incapable of forming the intent necessary to constitute the crime.

ID.—TIME OF INSANITY—INAPT LANGUAGE IN INSTRUCTION.—Inapt language in an oral instruction as to the present insanity of the defendant is not ground for reversal, where it appears that the language could not be fairly construed as meaning otherwise than that the appearance of the defendant at the trial might be considered as a circumstance in determining his sanity at the time of the assault, and the jury were elsewhere instructed that the question of insanity related to his insanity at the time of the assault.

ID.—FINANCIAL OPPRESSION OF DEFENDANT—QUESTION OF SANITY—INSTRUCTION CONSTRUED.—Testimony having been admitted to show that oppression of the defendant by the prosecuting witness in certain financial transactions had tended to drive him to insanity, an instruction to the jury that this testimony was admitted solely upon the question of insanity, which concluded as follows: "But if you have concluded, or shall conclude that he is a sane man, of course those things drop out of the case, and they form neither a defense nor a palliation against a crime, if the crime is proven to have been committed," did not instruct the jury that if they found the defendant sane, they were to disregard his testimony altogether, but referred only to the testimony as to the financial transactions.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a new trial and denying a motion in arrest of judgment. William T. Wallace, Judge.

The facts are stated in the opinion of the court.

Walter Gallagher, and John L. Guilfoyle, Jr., for Appellant.

William F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

McFARLAND, J.—Defendant was convicted of an assault with intent to commit murder, alleged to have been committed upon the person of one Sigmund L. Braverman; and he appeals from the judgment, from an order denying a motion for new trial, and also from an order denying his motion in arrest of judgment.

Appellant's contentions for a reversal are all based upon asserted errors of the court committed in giving and refusing instructions to the jury. The evidence, beyond all doubt, warranted the jury in finding that the appellant assaulted the prosecuting witness with intent to murder him, unless the appellant, at the time of the assault, was insane; and therefore the only rulings of the court in the matter of instructing the jury which are of much significance in the case are those touching the subject of insanity. There are, however, some exceptions to instructions given by the court touching the general nature of an assault with intent to commit murder.

In its general charge to the jury the court correctly and very fully stated the nature of the crime of assault with intent to commit murder, and informed them that the defendant should not be convicted of the crime charged unless, at the time of the assault, he intended to kill the prosecuting witness under such circumstances that if he had killed him the homicide would have been murder; and the court, having described the crime of murder, used the following language: "In defining the crime of murder, which crime the defendant is alleged to have attempted to commit, I have told you that it involves the element of malice aforethought; the word 'malice' imports a wish to vex, annoy,

or injure another person, or an intent to do a wrongful act."
The appellant objects to the foregoing language because it does
not contain that description of express and implied malice which
is to be found in section 188 of the Penal Code.    It is doubtful,
however, whether the language of section 188 should be given
to the jury at all in a case of assault with intent to commit mur-
der.    It seems to have been intimated in *People v. Wallace*, 101
Cal. 285, that said section shou¹ d not be given in a case like the
one at bar, because implied malice is not equivalent to that
actual intent which is essential to the crime of assault with in-
tent to commit murder.    (See, also, on this subject *People v.
Mize*, 80 Cal. 42.)    The appellant did not ask the court to in-
struct the jury in the language of section 188; and, at all events,
it is apparent that appellant was not injured by the fact that
section 188 was not given to the jury as an instruction.    An-
other sentence of the court in its general charge to the jury
upon the subject of intent is objected to by appellant, not be-
cause it does not on its face state the law correctly if applied to
a sane man, but that it leaves out the consideration of the sound-
ness or unsoundness of defendant's mind at the time of the as-
sault.    But the court had over and over again told the jury that
if the appellant was insane at the time of the assault he was in-
capable of forming the intent necessary to constitute the crime;
and, considering all that the court had said upon that subject,
the jury could not have been led astray by the omission to re-
state the matter again in the language to which exception was
taken.

The appellant particularly objects to the following language,
which constitutes the first part of a sentence: "Now a man comes
and pleads that he was insane; we hear everything that he says,
consider everything that he does; we observe his conduct on the
stand—we don't check him in stating his testimony, because one
of the purposes is to see whether he is a sane man or not."    The
latter part of this sentence is as follows: "But if you have con-
cluded or shall conclude that he is a sane man, of course those
things drop out of the case, and they form neither a defense nor
a palliation against a crime if the crime is proven to have been
committed."    The charge was an oral one, and the first half of
the  sentence seems to be one of  those remarks which a per-

son engaged in oral conversation is often led to make without any very accurate notion of what he is about to say. There is no great pith or moment to it; its meaning and intent are somewhat obscure; but we do not think that the jury could have given it any meaning prejudicial to the appellant. The appellant contends that the jury might have inferred from the language that the main question was whether or not the appellant was a sane man at the time he was on the witness stand, and not whether or not he was a sane man at the time of the assault; but the court had repeatedly told the jury in various forms that as to the matter of insanity the question was whether or not the appellant was insane at the time of the assault, and the language used by the court cannot be fairly construed as meaning anything more than that the appearance of the appellant at the time of the trial might be considered as a circumstance, however slight, in determining the defendant's sanity at the time of the alleged committing of the offense. It is also contended by appellant that the last half of the sentence told the jury that, if they found that the appellant was sane, then they were to disregard his testimony altogether. But this contention cannot be maintained. A great deal of testimony had been admitted tending to show that the prosecuting witness had oppressed the appellant to a great degree in financial transactions—this testimony having been admitted for the purpose of showing that these financial transactions had tended to drive appellant to insanity; immediately prior to the use of the language above quoted, and to which exception was taken, the court had instructed the jury that this testimony as to the financial transactions was admitted solely upon the question of insanity, and that it was not relevant for any other purpose, and the court was clearly referring to that matter when it said that, if the jury should conclude that the appellant was sane, then "those things drop out of the case"— that is, those things which had been admitted solely as tending to show appellant's insanity.

There was no error in refusing to give instruction number 1 asked by appellant. It is doubtful whether the instruction upon its face is clearly correct; but the principle involved was, we think, clearly stated in other instructions of the court.

The appeal from the order denying the motion in arrest of judgment is dismissed, that order not being appealable.

The judgment and order denying a new trial are affirmed.

Temple, J., and Henshaw, J., concurred.