## PEOPLE v. MENDENHALL.*

### Cr. No. 658; January 15, 1901.

#### 63 Pac. 675.

**Assault to Kill—Malice—Instructions.**—On prosecution for assault with intent to murder, an instruction that the malice necessary to make a killing murder might be either express or implied, though technically correct, was inapplicable and erroneous, as the intent must be proved in such prosecution, and implied malice may show no actual intent.

APPEAL from Superior Court, City and County of San Francisco; F. H. Dunne, Judge.

William P. Mendenhall was convicted of assault with intent to murder and appeals. Reversed.

Leon E. Prescott for appellant; Tirey L. Ford, attorney general, for the people.

HENSHAW, J.—The defendant was charged with and convicted of the crime of assault with intent to commit murder, and appeals from the judgment given against him. The court instructed the jury as follows: ''Murder is the unlawful killing of a human being with malice aforethought. Such

*For subsequent opinion in bank, see 135 Cal. 344, 67 Pac. 325.

malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow-creature. It is implied when no deliberate provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." It is insisted that this instruction, while pertinent and proper in a charge upon the crime of murder, is improper and erroneous where the offense is an assault with intent to commit murder; that the charge of murder may be established in the absence of proof of an intent to kill, but that the charge of attempt to commit murder cannot be established by proof merely of implied malice. In this we think the appellant's contention is sound, and that, in the crime charged, the court erred in instructing the jury as it did. In People v. Mize, 80 Cal. 41, 22 Pac. 80, there came under the attention of this court the following instruction: "They [the defendants] cannot be convicted of an assault to commit murder unless the evidence shows beyond a reasonable doubt that, had the prosecuting witness been killed, defendants would have been guilty of murder. If the evidence shows that, had Henry Coffey been killed, one of the defendants would have been guilty of murder, then that one should be convicted." This court held the instruction to be erroneous, laying down the unquestioned proposition that while, to constitute murder, the guilty person need not intend to take life, to constitute an assault with intent to murder, there must be proved the intent to take life, and though the wrongdoer's act is such as, were it successful, it would be murder, if in truth he did not mean to kill he is not guilty of an assault with intent to commit murder: 1 Bish. Cr. Law, sec. 270; 2 Bish. Cr. Law, sec. 741. In People v. Wallace, 101 Cal. 281, 35 Pac. 862, an instruction identical with the one in the case at bar was complained of, but it was there said that, conceding the instruction to be erroneous, the defendant could not have been injured by it, as he was acquitted of the offense to which it applied. In People v. Burgle, 123 Cal. 303, 55 Pac. 998, defendant complained because the court instructed the jury upon express malice alone, properly excluding from their consideration the definition of implied malice. It was said by this court that it is doubtful whether the language of section 188 of the Penal Code should be given to the jury at all in the case of assault with intent to commit murder, and that it was inti-

mated in People v. Wallace that the section should not be given, because "implied malice is not equivalent to that actual intent which is essential to the crime of assault with intent to commit murder." Under our code a conviction of murder may be sustained either where a deliberate intent is manifested to take away the life of a fellow-man, or where no considerable provocation appears, or where the circumstances attending the killing show an abandoned and malignant heart. Where a deliberate intent appears, there is present the express malice of the law. In the latter class of cases the malice is implied—the law presuming it from the circumstances of the case—though in fact the actual and deliberate intent to kill may not have been present in the mind of the wrongdoer. Therefore, it is only in cases of murder of the first class, where express malice and deliberate intent are shown, that, the attempt failing, the wrongdoer may be found guilty of an assault with intent to commit murder. In murders of the other category the specific crime here charged is not contained.

Appellant further complains of the following instruction: "It is incumbent upon the prosecution to prove the intent, and if it appear that the alleged assault was committed under such circumstances as would, had death ensued, have mitigated the offense from murder to manslaughter, such intent was not premeditated, and you cannot find the defendant guilty of the charge preferred against him." This instruction is legally correct, though it is by no means a full exposition of the law. It is certainly true that in a case where, if death had ensued, a conviction of manslaughter alone would have been justified, the defendant (death not having resulted) could not be convicted of an assault with intent to commit murder; but, upon the other hand, as has· been pointed out, even if death had ensued under circumstances which would have made the crime murder, he still could not be properly convicted of the lesser charge (the victim surviving) unless it were a murder committed with express malice.

The error in the instruction first above quoted was manifestly prejudicial. It cannot be said that the error was cured and rendered harmless by other instructions. The judgment is therefore reversed and the cause remanded.

We concur: Temple, J.; McFarland, J.