[Crim. No. 48. Fourth Appellate District.—May 28, 1931.]

THE PEOPLE, Respondent, v. W. C. BLACK, Appellant.

Abbott & Ashton for Appellant.

U. S. Webb, Attorney-General, Alberta Bedford, Deputy Attorney-General, and Stanley Mussell, District Attorney, for Respondent.

BARNARD, P. J.—The defendant and appellant was found guilty of the crime of manslaughter. Upon appeal, the judgment was affirmed by this court (*People* v. *Black,* 111 Cal. App. 90 [295 Pac. 87]), and a petition for a hearing in the Supreme Court was denied. The *remittitur* was issued February 16, 1931. On February 21, 1931, the appellant filed in the superior court a "Notice of Motion to Vacate and Set Aside Judgment. In the Nature of Writ of Coram Nobis", to which was attached a memorandum of authorities. Upon the hearing of the motion, counsel called the attention of the court to an excerpt from the transcript of the original trial, as follows: "I wish to call Your Honor's attention to the testimony given at the time of the trial. There was a witness on the stand, and from the memorandum that I have it does not appear who it was, and the question was asked about the measurements: 'Q. Who was taking the measurements?' 'A. The Sheriff of the County of San Bernardino.' 'Q. Did you see anybody there from the sheriff's office?' 'A. I did.' 'Q. Who?' 'A. I saw Sheriff Shay.' 'Q. You saw Sheriff .

Shay personally?' 'A. I did.' 'Q. Anybody else?' 'I saw Mr. Allen, Deputy Sheriff.' 'Q. Anybody else?' 'A. I saw the undersheriff.' 'Q. And you know they were taking measurements there?' 'A. I do.' '' This is the only portion of the transcript which was brought to the attention of the trial court when the motion was presented. The motion in the superior court and this appeal are both based entirely upon the contention that this excerpt from the transcript discloses that the sheriff of the county of San Bernardino participated in the investigation of the circumstances which led to the arrest of this appellant; that this fact disqualified the sheriff from summoning a jury; that at the original trial the jury was in part selected from a special venire of twenty persons who were summoned by the sheriff; and that the fact of the sheriff's participation in the investigation of the case was unknown to appellant and to his attorneys, until after the jury was sworn. While it does not appear to have been brought to the attention of the trial court at the hearing of the motion here involved, appellant sets forth in his brief certain quotations from the transcript of the trial, containing a conversation between the court and counsel relative to the purported discovery that the sheriff had had something to do with investigating the case on trial, at the conclusion of which, the attorney for the defendant stated: "I appreciate that. If you tell me now that he is not going to be a witness in the case and have no connection with the case I will press the matter no farther." From an order denying the motion, this appeal was taken and, as appellant states, we are here concerned only with the correctness of the ruling of the trial court on the motion to set aside the judgment.

Appellant particularly states that he makes no claim that the sheriff was in fact biased or prejudiced, but that in this proceeding he relies solely on the disqualification of the sheriff. It is conceded that neither the sheriff nor any of his deputies testified at the trial of the action.

The nature and purpose of a writ of *coram nobis*, both at common law and where permitted under our procedure in this state, are fully set forth in *People* v. *Reid*, 195 Cal. 249 [46 A. L. R. 1435, 232 Pac. 457, 461], and need not here be repeated. While that case was decided upon other grounds, the opinion points out that there are reasons

why this writ should not lie in any case after an affirmance of the judgment upon appeal. The court further points out that the writ has never been used to redress any irregularities occurring at a trial, except under circumstances amounting to such fraud as has, in effect, deprived a party of a trial upon the merits. In that case, the court also said: "It appears that in each case where the writ of error *coram nobis* has issued to vacate a judgment it has been upon the ground that such judgment was predicated upon the assumed existence of a fact or a condition which did not in truth exist and the nonexistence of which would have prevented the rendition of the judgment if it had been known."

Such a situation is not disclosed by the record before us. On the other hand, it fully appears that long before judgment was pronounced and before the trial was completed, the trial court was apprised of the existing situation, and in no way can it be said that the judgment was predicated upon an erroneous assumption of the existence of any fact.

■ Aside from a consideration of the general principles applying to such a writ, the facts here are not sufficient, in any event, to entitle the appellant to the relief requested. In relying upon his claim that the sheriff was disqualified for summoning jurors for the trial of this case, he cites *People* v. *LeDoux*, 155 Cal. 535 [102 Pac. 517], *People* v. *Oliveria*, 127 Cal. 376 [59 Pac. 772], *People* v. *Ryan*, 108 Cal. 581 [41 Pac. 451], and *People* v. *Wallace*, 101 Cal. 281 [35 Pac. 862]. These cases and other authorities show that the disqualification of a sheriff in summoning a jury panel depends upon the question of his bias. The only evidence here appearing upon the question of the disqualification of the sheriff, is that shown in the above quotation from the original transcript, wherein some person states that he saw some measurements being taken at some place by the sheriff of the county of San Bernardino. Not only is there nothing in this to indicate bias on the part of the sheriff, but there is nothing to show that any such measurements as were taken by the sheriff, were taken in connection with the investigation of this case or that they had anything to do with this appellant. No petition was filed by appellant and the proceeding now before us was initiated only by notice of a motion. No affidavits appear

to have been used, and no evidence other than the quotation from the transcript above referred to. Appellant concedes that under the law, he was required to object to the jury panel before a juror was sworn. (Pen. Code, sec. 1060.) This entire proceeding is based upon the claim that appellant did not know of the disqualification of the sheriff prior to the time the jury was sworn, and that when the fact was discovered, it was too late for him to take advantage of it. Although that fact is crucial under appellant's theory, no evidence was introduced either at the original trial or upon the hearing of this motion, as to whether or not appellant and his counsel had knowledge of this fact before a juror was sworn. While counsel have intimated in their brief that they did not discover the sheriff's connection with the case until too late to object to the panel, this fact, if it is a fact, nowhere appears.

Nor would it follow that this common-law remedy would be available to appellant if it be conceded that he did not discover the fact relied upon in time to comply with the statutory limitation upon his right to object to the panel. In *People* v. *Reid, supra,* the court said: "He argues that because the defendant did not discover the facts here relied upon until too late to present them in support of his motion for new trial, the statutory remedy should be deemed 'unavailable' and the common-law remedy should therefore be resorted to. He cites no authority which supports this conclusion and we are convinced that it is not sound. Where the legislature has provided a statutory remedy which supplants in whole or in part a corresponding common-law remedy and has appended thereto a statute of limitations different from that which governs the common-law remedy, there is presented the situation of a conflict between the common law and the statute, in which case the latter must prevail. To hold in such case that after the expiration of the statutory limit the common-law remedy could still be availed of would be to hold in effect that in case of conflict between the two the common law prevails over the statute."

We think this reasoning applies to the right which appellant here claims to have lost through his delay in receiving certain information, but which he seeks to have reinstated through this proceeding.

■ Still a further consideration is, that if it be assumed that appellant and his counsel discovered the facts relied upon too late to make objection in accordance with section 1060 of the Penal Code, and if it be also assumed that the taking of the measurements, as shown by the portion of the transcript quoted, was sufficient to disqualify the sheriff from summoning the jurors, any objection on the part of the appellant was waived by his failure to present it at the proper time. It appears that after the supposed facts were discovered and before the trial was concluded, counsel for appellant stated that he did not care to press the matter. He now argues that having already lost the right to object, he could not waive it. However, he now claims the right to raise the point on this proceeding, and if it be assumed that the right still existed after the jury was sworn, no reason appears why he could not and did not waive it by his statement in open court. In any event, if his theory be correct, he had the right to raise the point after judgment and before appeal. While he contends that the point could not have been raised upon a motion for a new trial, if this writ would lie at all no reason appears why it should not have been applied for at or near the time of moving for a new trial. ■ A defendant, claiming this rather unusual remedy under our procedure, should be held to reasonable diligence in asserting his claim. Even if the purpose of the writ could be so extended as to cover a situation which was fully known and brought out in open court prior to the judgment, a defendant should not be allowed to take his chances upon an appeal, and then, in the event of an unfavorable result, be allowed to urge for the first time, in order to have the whole proceeding gone over again, an objection which he has refused to press during the trial of the action, and either neglected, or preferred not, to raise prior to taking an appeal.

Viewing the matter upon general principles, or upon the particular showing here made, we are unable to discover any reason why the appellant is entitled to the relief here sought.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.