[Crim. No. 2165. Third Dist. Dec. 14, 1949.]

THE PEOPLE, Respondent, v. THOMAS V. COATES, Appellant.

Thomas V. Coates in pro. per., and C. K. Curtright for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—On May 28, 1945, appellant Coates pleaded guilty to a violation of section 476a of the Penal Code, and was sentenced to imprisonment for the term prescribed by law. On June 2, 1949, he filed in the Superior Court of Shasta County a petition in the nature of an application for a writ of error *coram nobis*, contending that the judgment against him should be set aside because his plea of guilty had been entered in exchange for probation, and that he was not given a preliminary hearing or confronted by his accuser. A hearing on said application was held at which Coates was represented by counsel appointed by the court. The application was denied and this appeal is from that denial.

In the recent case of *People* v. *Adamson*, 34 Cal. 2d 320, 326 [210 P.2d 13], the limitations of review by way of writ of error *coram nobis* were defined, the court saying it is a remedy of narrow scope, the purpose of which is to secure relief where no other remedy exists, from a judgment rendered

while there existed some fact which would have prevented its rendition if the trial court had known it, and which through no negligence or fault of defendant, was not then known to the court.; and that an applicant for the writ must show that the facts upon which he relies were not known to him and could not, in the exercise of due diligence, have been discovered by him at any time substantially earlier than the time of his motion for the writ.

■ Examining appellant's contentions in the light of that decision it is obvious that he has not shown due or any diligence in presenting the facts upon which he relies, since over four years elapsed after his plea was entered before this petition was filed. It is equally obvious that such facts were known to him at the time he was sentenced, for if, as he contends, his plea of guilty was entered because he was promised probation in exchange therefor, he knew that, and he likewise knew whether or not he was given a preliminary hearing and confronted by his accuser. ■ So, even if there were merit in his claim that his plea was induced by promise of probation (which, in fact, he does not allege), or if he was not given a preliminary hearing before a magistrate or justice of the peace, he is not entitled to a reversal of the judgment of conviction in this proceeding. ■ In *In re Tedford*, 31 Cal.2d 693, 694 [192 P.2d 3], the Supreme Court said that any invalidity of proceedings prior to commitment was deemed waived by failure of defendant to move to set aside the information. To the same effect are *People* v. *Middleton*, 103 Cal.App. 135, 138 [283 P. 976] (hearing in Sup.Ct. denied and petition for certiorari to the U.S. Sup.Ct. denied); *In re Dorsey*, 81 Cal.App.2d 584, 586 [184 P.2d 702]; *In re Rogers*, 91 Cal.App.2d 394, 399-400 [205 P.2d 667]; Pen. Code, §§ 995, 996.

The record before us further shows that at the hearing, at which he was represented by counsel, petitioner's claim that he was offered probation in exchange for a plea of guilty was not proven. In fact he admitted that no such offer was made nor promise given. He merely inferred from the friendly manner of the district attorney that if he entered such a plea he would be given such consideration. The making of any such offer or promise was specifically denied by the district attorney. Also at such hearing there was some evidence that a preliminary hearing on the original charge was had. There is evidence that a complaint was regularly sworn to before a magistrate, and the magistrate's docket recites that defend-

ant was brought into court and arraigned, that the complaint was read to him, that he was informed of his legal rights, and that a preliminary hearing was had and witnesses sworn and examined for the prosecution, that defendant admitted the violation, also the issuance of other worthless checks, and that he was held to answer to the superior court.

The magistrate could not recall where that hearing was held. He said he had no independent recollection of the proceedings, but did remember the case; that the hearing might possibly have been held in the sheriff's office, which was the recollection of the district attorney. There is also evidence that prior to that hearing defendant had made a statement to the district attorney in which he admitted the charge; that said statement was taken down by a stenographer and written up. Petitioner admitted that he was present before the magistrate but he testified that the magistrate did not say a word to him—that he only signed some papers. As a witness in this proceeding petitioner admitted that he had told the district attorney that he not only had given the check in controversy, but had previously given other checks without sufficient funds and when he had no account. He admitted that at the time of sentence, and the record shows, that defendant was asked if he had any legal cause to show why judgment should not be pronounced, and he said he had none.

We have reviewed the record before the trial court on this proceeding. It contains sufficient evidence to sustain the implied finding of the court that defendant was never promised probation in exchange for his plea of guilty, that he was given a preliminary hearing, that he freely and voluntarily admitted his guilt of the crime charged and of other similar offenses, and that his asserted grounds for issuance of the writ of error *coram nobis* were not established. Therefore, since the alleged grounds for setting aside the judgment of conviction are insufficient as matter of law, and were impliedly found to be untrue as matter of fact, the order appealed from is affirmed.

Peek, J., and Thompson, J., concurred.