[Crim. No. 821.   Fourth Dist.   Sept. 18, 1950.]

THE PEOPLE, Respondent, v. O. D. JAMES, Appellant.

Adams and Reynolds for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

MUSSELL, J. — Defendant was charged with having murdered one Charlie Thomas on December 2, 1944. After

preliminary examination and information filed in the superior court, defendant appeared for arraignment and, not being represented by counsel, the court appointed an attorney to represent him for the purpose of the arraignment. Defendan't counsel then waived reading of the information, the defendant was informed of his rights and, upon being asked if he wished to enter a plea at that time, entered a plea of not guilty to the charge. He stated that he had no money to pay for a lawyer and that he wished to have one appointed for him. The court then continued the matter one week for the purpose of setting the case for trial and appointment of an attorney. On December 19th defendant was again brought into court and a statement was made to the court by a deputy district attorney that the defendant desired to withdraw his plea of not guilty and enter a plea of guilty. Defendant was then asked if he wished to withdraw his plea of not guilty theretofore entered, to which he made the following reply: "Yes, sir. I want to plead guilty. I am guilty of it." Permission was granted to withdraw the plea of not guilty and the court informed the defandant that he was charged with a felony, to wit: murder, in that on or about the 2nd day of December, 1944, he had murdered one Charlie Thomas. Defendant then entered a plea of guilty.

For the purpose of fixing the degree of the crime, a statement was then made by the deputy district attorney as follows:

"In brief, the facts are that this defendant and the deceased were playing dice at Giffen Ranch No. 2. Some altercation arose over the fact that the deceased person grabbed the money from the dice game—that money did not belong to this defendant, by the way—this defendant started after him, and the deceased man ran out the side door, followed by the defendant. The defendant stated to me that then and there he dropped his hat and as he reached to get it, the deceased, Charles Thomas, pulled a knife on him; that this defendant took the knife away from him, and thereupon proceeded to stab him, and that stab wound caused the death."

The court asked the defendant if he had any statement to make as to the facts related and he replied that he did not and that the statement was right. The court then fixed the crime as murder in the first degree and on December 22nd, after informing the defendant of the filing of the information, the arraignment, the plea and the fixing of the degree of murder as that of murder in the first degree, asked if there was any legal cause to offer why judgment should not then be

pronounced against him. Receiving a negative reply, judgment was pronounced that the defendant be punished by imprisonment in the state prison at San Quentin until legally discharged.

On March 2, 1950, defendant filed a motion in the trial court to vacate the judgment upon the grounds (1) that defendant's constitutional rights were violated and his plea of guilty was vitiated by lack of effective aid of counsel; (2) that defendant was induced to plead guilty upon promises of a lesser sentence than might otherwise be imposed; and (3) that defendant was held for trial without sufficient or probable cause. The motion was heard by the trial court on the affidavit of defendant, the transcript of the preliminary hearing and proceedings had in the trial court and the testimony of the deputy district attorney who was in charge of the case at the time of the preliminary examination, and the subsequent proceedings in the superior court. The motion was denied and defendant appeals from the order denying it. The grounds of appeal are substantially the same as those set forth by the defendant in his motion to vacate the judgment in the trial court.

The motion to vacate the judgment and withdraw the plea of guilty is in the nature of a writ of *coram nobis*. (*People* v. *Gilbert*, 25 Cal.2d 422, 439 [154 P.2d 657]; *People* v. *Adamson*, 33 Cal.2d 286-7-8 [201 P.2d 537]; *People* v. *Adamson*, 34 Cal.2d 320, 324 [210 P.2d 13].)

Defendant's contention that his constitutional rights have been violated and his plea of guilty vitiated by lack of effective aid of counsel cannot here be determined by the proceedings in the nature of a petition for writ of *coram nobis*.

As was said in *People* v. *Adamson, supra,* 34 Cal.2d 320, 326:

''In this state a motion to vacate a judgment in the nature of a petition for *coram nobis* is a remedy of narrow scope. (See *People* v. *Darcy* (1947), 79 Cal.App.2d 683, 693 [180 P.2d 752]; *People* v. *Martinez* (1948), 88 Cal.App.2d 767, 774 [199 P.2d 375].) Its purpose is to secure relief, where no other remedy exists, from a judgment rendered while there existed some fact which would have prevented its rendition if the trial court had known it and which, through no negligence or fault of the defendant, was not then known to the court. (*People* v. *Gilbert* (1944), 25 Cal.2d 422, 442 [154 P.2d 657]; *In re Lindley* (1947), 29 Cal.2d 709, 725-726 [177 P.2d 918]; *People* v. *Tuthill* (1948), 32 Cal.2d 819, 821 [198 P.2d 505].)

The applicant for the writ 'must show that the facts upon which he relies were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ; otherwise he has stated no ground for relief.' (*People* v. *Shorts* (1948), 32 Cal.2d 502, 513 [197 P.2d 330].)''

█ The writ does not lie to correct an error in the judgment of the court nor to contradict or put in issue any fact directly passed upon and affirmed by the judgment itself, and where the remedies of the right to appeal and to make a motion for a new trial are provided for by statute, to that extent an application for a writ of *coram nobis* cannot be entertained. (*People* v. *Mooney*, 178 Cal. 525, 528, 529 [174 P. 325]; *People* v. *Reid*, 195 Cal. 249, 257 [232 P. 457, 36 A.L.R. 1435].)

As was said *In re Lindley*, 29 Cal.2d 709, 724 [177 P.2d 918]: "The grounds upon which a court may issue a writ of error *coram nobis* . . . . are more narrowly restricted than those which allow relief by habeas corpus." The court there said, at page 725, quoting from *Keane* v. *State*, 164 Md. 685 [166 A. 410, 411, 412, 413]:

" 'In the original as well as in the modern practice [the purpose of these writs] . . . was not to permit a review of the evidence given in connection with the issues actually tried to determine whether witnesses who actually testified before a jury sworn on those issues testified falsely, but to determine whether facts existed which were not known to the court at the trial and not in issue under the pleadings, but which, if known, would have prevented the judgment which actually was entered from being entered.' ''

And on page 726, quoting from the Keane case, *supra*:

" 'Accordingly, it is stated as a general rule that "the writ of error *coram nobis* does not lie to correct an issue of fact which has been adjudicated, even though wrongly determined; nor for alleged false testimony at the trial; nor on the ground that a juror swore falsely as to his qualifications; nor for newly discovered evidence. . . ." ' '' (Citing cases.)

The court further stated, on page 726:

"This restricted scope of the writ of *coram nobis* has been recognized by the California courts. As stated in *People* v. *Reid*, 195 Cal. 249, 256 [232 P. 457, 36 A.L.R. 1435] (quoting from *Sanders* v. *State*, 85 Ind. 318 [44 Am.Rep. 29]): ' "It is our opinion that the courts have the power to issue writs in the nature of the writ *coram nobis*, but that the writ cannot

be so comprehensive as at common law, for remedies are given by our statute which did not exist at common law—the motion for a new trial and the right of appeal—and these very materially abridge the office and functions of the old writ. These afford an accused ample opportunity to present for review questions of fact, arising upon or prior to the trial, as well as questions of law; while at common law the writ of error allowed him to present to the appellate court only questions of law. Under our system all matters of fact reviewable by appeal, or upon motion, must be presented by motion for a new trial, and cannot be made the grounds of an application for the writ *coram nobis*. Within this rule must fall the defense of insanity as well as all other defenses existing at the time of the commission of the crime. Within this rule, too, must fall all cases of accident and surprise, of verdicts against evidence, of newly discovered evidence, and all like matters.'' ' (Quoted with approval in *People* v. *Lumbley*, 8 Cal.2d 752, 759 [68 P.2d 354]; *People* v. *Superior Court*, 4 Cal.2d 136, 149 [47 P.2d 724].)''

In the instant case the defendant failed to appeal from the judgment or move for a new trial. These remedies, at least, were available to him and the facts upon which defendant relies to establish his contention that he lacked the effective aid of counsel were known to him and to the trial court throughout all of the proceedings had therein. There was no showing that the facts upon which defendant relies with reference to this contention were not known to him and could not in the exercise of due diligence have been discovered by him at any time substantially earlier than the time of his motion for the writ. The defendant well knew that he was entitled to and did not have an attorney to represent him at the time of the entry of his plea. Five and one-half years elapsed between the time of trial and the time of the filing of the proceedings to vacate the judgment. The record does not set forth a reasonable explanation for the delay. ██ A showing of diligence is prerequisite to the availability of relief by motion for *coram nobis*. (*People* v. *Shorts*, 32 Cal.2d 502, 512 [197 P.2d 330].) As was there said, at page 513:

''We are of the view that where a defendant seeks to vacate a solemn judgment of conviction, particularly where such judgment has been affirmed on appeal, the showing of diligence essential to the granting of relief by way of *coram*

*nobis* should be no less than the similar showing required in civil cases where relief is sought against lately discovered fraud. In such cases it is necessary to aver not only the probative facts upon which the basic claim rests, but also the time and circumstances under which the facts were discovered, in order that the court can determine as a matter of law whether the litigant proceeded with due diligence; a mere allegation of the ultimate facts, or of the legal conclusion of diligence, is insufficient.'' (Citing cases.)

In *People* v. *Coates,* 95 Cal.App.2d 78, 80 [212 P.2d 263], it was held that due diligence was not shown where the facts upon which the defendant relied were known to him and his plea of guilty which he sought to set aside was entered more than four years before applying for the writ.

As was said in *People* v. *Martinez,* 88 Cal.App.2d 767, 773 [199 P.2d 375]:

'' . . . An application for a writ of error *coram nobis* should be made within a reasonable time. Diligence is required. A convicted person is not permitted to allow years to pass during which witnesses die, disappear or forget, and his own imagination grows and expands. . . .''

In *People* v. *Black,* 114 Cal.App. 468, 473 [300 P. 43], it was held that the writ of *coram nobis* should be applied for at or near the time of moving for a new trial and in *People* v. *Vernon,* 9 Cal.App.2d 138, 142 [49 P.2d 326], it was stated that the motion to vacate a judgment must be made within a reasonable time after such judgment has been rendered and in that case the court concluded that a delay of four and one-half years was unreasonable.

The record herein does not set forth any facts not known to the trial court at the time it fixed the degree of the crime. An error in fixing the degree under the circumstances shown is an error of law and cannot be reached by the present proceedings.

As was said in *People* v. *Tuthill,* 32 Cal.2d 819, 822 [198 P.2d 505]:

''The writ does not lie to correct errors of law. It 'is not intended to authorize any court to review and revise its opinions.' '' (Citing cases.)

And in *People* v. *Martinez, supra,* at page 771, it is said:

''The writ of error *coram nobis* never issues to correct an error of law, nor to redress an irregularity occurring at the trial that could be corrected on motion for new trial or by appeal.''

In this connection it may be observed that a writ of habeas corpus has been held to be available in situations where defendant was not given the opportunity to have the advice of counsel and did not waive such right. (*In re Jones,* 88 Cal. App.2d 167 [198 P.2d 520].) And in *People* v. *Adamson, supra,* 34 Cal.2d 320, 327, cases are cited under the statement of the rule that an application for a writ of habeas corpus has become the proper remedy to attack collaterally a judgment of conviction which has been obtained in violation of fundamental constitutional rights. However, in the case at bar, we are not passing upon the question of the availability of the remedy of a writ of habeas corpus under the circumstances shown by the record before us.

■ The defendant contends that his plea of guilty should be set aside because the assistant district attorney induced him to plead guilty because of a promise of a lesser sentence than might otherwise be imposed. In his affidavit the defendant stated that the assistant district attorney voluntarily visited him in the Fresno county jail and told him that unless he changed his plea from not guilty to guilty, he would be found guilty by a jury and executed, but that if he would spare the state the expense of a jury trial, defendant would receive a short sentence in the county jail or on the road camp and that, in fear of his life, he entered into an agreement to and did change his plea from not guilty to guilty. These statements were contradicted by the testimony of the assistant district attorney and his chief. The assistant district attorney denied that he had ever told the defendant he would see to it that all he got was a short jail sentence and further stated that he never promised the defendant anything if he would plead guilty. The affidavit and the foregoing testimony created a conflict in the evidence and the court's implied finding contrary to the contentions made in defendant's affidavit cannot here be disturbed. ■ We cannot say that the evidence established as a matter of law that defendant's change of plea was brought about because of inducement by the assistant district attorney.

In *People* v. *Coates, supra,* 95 Cal.App.2d 78, 80, it was held that even if there was merit in the defendant's claim that his plea was induced by promise of probation (which fact was not alleged) he was not entitled to a reversal of the judgment of conviction in proceedings for a writ of error *coram nobis.*

■ Defendant further contends that the motion to vacate

the judgment should be granted because he was held to answer without sufficient or probable cause. Whether there was sufficient or probable cause to hold the defendant to answer was a question of law and not of fact and, as noted, the writ of error *coram nobis* does not lie to correct errors of law. (*People* v. *Tuthill, supra.*) ■ The defendant is precluded from challenging the alleged inadequacy of the evidence or irregularities of procedure of the preliminary examination by his failure to move to quash the information under section 995 of the Penal Code. (*In re Rogers*, 91 Cal.App.2d 394, 400 [205 P.2d 667].) From an examination of the testimony taken at the preliminary examination, we conclude that there was probable cause to hold the defendant to answer under the rule stated in *People* v. *McRae*, 31 Cal.2d 184, 187 [187 P.2d 741].)

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.