[Crim. No. 2246. Third Dist., Dec. 6, 1950.]

THE PEOPLE, Respondent, v. DAVID ADAMS, Appellant.

Gray & Hewitt for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant Adams, Clarence Wade, Virgil Porter and Helen Newman were charged by information filed in Yuba County with grand theft of a calf. The trial court appointed counsel to represent Adams, Wade and Porter, Newman being represented by different counsel. Eventually all four defendants pleaded guilty. Adams applied for probation which was denied, and he was sentenced to state prison for the term prescribed by law. No appeal was taken from the judgment, but about two weeks later he filed a notice of motion to vacate the judgment, and for permission to withdraw his plea of guilty and plead not guilty. After a hearing this motion was denied and Adams has appealed.

The grounds upon which the motion was based, and those relied upon here, are that appellant entered his plea of guilty in reliance upon the belief and the assurance of his counsel that his application for probation and the matter of his sentence would be determined upon a full, fair and impartial report by the probation officer of that county, but that the report filed by said officer was biased, untrue and unfair. Appellant argues that the trial court relied upon such report, and the erroneous statements made therein, and that for such reason the judgment should be vacated and he should be permitted to change his plea.

It may be noted preliminarily that a motion to vacate a judgment and to withdraw a plea of guilty is of the nature of an application for a writ of error *coram nobis*; and it is now well established that such an application will be granted only where some fact exists which, had it been known to the court, would have prevented rendition of the judgment, which fact was not known to defendant at that time, and which, without fraud, mistake or negligence of the defendant, was not presented to the court. And where fraud, or mistake or negligence are relied upon by an applicant it must be established by clear and convincing evidence. (*People* v. *Adamson*, 34 Cal.2d 320-327 [210 P.2d 13]; *People* v. *Shorts*, 32 Cal.2d 502, 513 [197 P.2d 330]; *People* v. *Tuthill*, 32 Cal. 2d 819, 821-822 [198 P.2d 505]; *In re Lindley*, 29 Cal.2d 709, 725-726 [177 P.2d 918]; *People* v. *Butler*, 70 Cal.App.2d 553, 561 [161 P.2d 401]; *People* v. *Wells*, 77 Cal.App.2d 520, 523 [175 P.2d 595]; *People* v. *Coates*, 95 Cal.App.2d 78, 80 [212 P.2d 263]; *People* v. *Schuman*, 98 Cal.App.2d 140 [219 P.2d 36]; *People* v. *James*, 99 Cal.App.2d 476, 479 [222 P.2d 117].)

The first allegation in the report of the probation officer to which appellant takes exception is that Adams, with Wade,

killed the calf, while appellant asserts that the statements of his codefendants, as shown at the preliminary hearing, are that Wade shot the animal. The second is that after the killing, when Wade and appellant left the scene of the slaughter, it was Adams' intention that they return with saws and knives to cut up the calf, appellant saying that there was evidence at the preliminary hearing that Adams left with the avowed intention of having nothing more to do with the affair; and the third is that Adams asked Porter to take his place in butchering the calf, which statement appellant asserts is admitted by the prosecution to be untrue.

Appellant contends that the trial judge not only denied probation in reliance upon the report of the probation officer, but also, in reliance thereon, sentenced him to the penitentiary instead of the county jail which he might have done. It is not contended by appellant that he relied upon any promises or representations of the prosecution. It is conceded that none such were made. Nor can it be said that the trial court would have granted probation or imposed a lighter sentence had the officer's report been different in the respects of which complaint is made. That report showed, among other things, that appellant's past record included an arrest in Ohio for selling stolen property, and that he had there jumped his bail and come to California; that he had paid a fine in Yuba County for disturbing the peace; and that he was, at the time of the offense to which he pleaded guilty, on probation from the United States District Court for violation of the Veterans' Adjustment Act.

The record before us also shows that at the time probation was denied, and before sentence was pronounced, appellant's counsel called the attention of the court to the asserted misstatements in the probation officer's report; and the fact remains that appellant had pleaded guilty, thus admitting his participation as a principal in the offense charged. That the probation officer's report contained false statements as to the extent of Adams' participation has not been shown satisfactorily, as on the motion to set aside the judgment an affidavit was filed by that officer alleging the basis of his report, and showing that he had interviewed the other defendants personally and had not relied solely upon evidence before the committing magistrate, upon which appellant's counsel relied, and which is not before this court.

We are cited to no cases in which, after a plea of guilty,

erroneous statements of fact in a probation officer's report were held to support an application for a writ of error *coram nobis*. Denying or granting of probation are matters within the discretion of a trial judge, and an order denying probation will not be reviewed even on appeal unless it is shown to have amounted to an abuse of same. (*People* v. *Jackson*, 89 Cal.App.2d 181 [200 P.2d 204] ; *People* v. *Wiley*, 33 Cal.App.2d 424, 429 [91 P.2d 907].)

 Furthermore, appellant has not brought his case within the narrow scope of *coram nobis*, for it is apparent that all the facts upon which he relies were known to him before judgment, that they were then called to the attention of the trial judge, and that neither fraud nor misrepresentation by the prosecution is relied upon. He cites *People* v. *Gilbert*, 25 Cal.2d 422 [154 P.2d 657], and *People* v. *Sarazzawski*, 27 Cal.2d 7 [161 P.2d 934], but has not brought himself within the scope of these decisions. His plea of guilty was entered with a full understanding of the possible consequences, and with the advice of counsel who has fully safeguarded his interests; and his hope and expectation of leniency not based upon any fraud; misrepresentation or overreaching are insufficient.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.