[Crim. No. 8770. Second Dist., Div. Two. Nov. 26, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. R. C. SMALL, Defendant and Appellant.

Julius Blank, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gordon Ringer, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment of conviction entered following a nonjury trial wherein he was found guilty of voluntary manslaughter and assault with a deadly weapon. Appellant's brief presents a variety of arguments which may be considered as relating to his two basic assignments of error: (1) that the evidence was not sufficient to support the judgment; and (2) that his representation by counsel was inadequate.[1]

Reviewing the record in the light most favorable to the respondent, as we are here required to do, the evidence indicates that appellant visited the residence of a Mrs. Washington, located at 901 East 27th Street in the City of Los Angeles, on the morning of February 3, 1962. Several witnesses testified that appellant had been ordered to leave following an altercation with a Mr. Henderson arising out of appellant's attentions to a woman. Obscenities were exchanged and appellant left, promising to return.

He returned later, carrying a gun in his shirt, and asked for Mr. Henderson. Again he was ordered to leave and there was evidence indicating that he was physically ejected through the backdoor. He retreated backward down the steps, firing his gun into the back porch through the screen. Two men who were leaving the building via the back porch were struck by the bullets, and one of them died as the result of the wound thus inflicted. Numerous witnesses who knew appellant, and who were either in the house or on the street just outside the backyard, described the shooting as

---

[1]Certain of defendant's arguments have reference to the proceedings had before the committing magistrate prior to the filing of the information. Defendant having failed to object to the proceedings in the trial court by motion under section 995, Penal Code, or otherwise, may not present such objections for the first time on appeal. (*People v. Elliott*, 54 Cal.2d 498, 503 [6 Cal.Rptr. 753, 354 P.2d 225]; *People v. Hellum*, 205 Cal.App.2d 150, 154 [22 Cal.Rptr. 724]; *People v. James*, 99 Cal. App.2d 476, 484 [222 P.2d 117].)

they were able to observe it. Other witnesses who did not know appellant also described the event in similar fashion, and testified that he generally resembled in size and dress the man they had seen firing the gun.

No useful purpose would be served by detailing the testimony of the eleven eyewitnesses who testified for the prosecution. Except as to minor details, their testimony was entirely consistent. By way of defense, appellant testified to substantially the same facts as those proved by the prosecution except that he denied that he had a gun when he returned to the premises. He stated that after he had been ordered off the premises the second time, he left via the back door and then heard a shot behind him. He said that he did not see anyone shooting, but hastened up the alley for fear someone might be after him.

The determination of the credibility of the witnesses being solely within the province of the trier of the facts, and since the evidence tending to sustain the judgment is overwhelming, it is manifest that appellant's first assignment of error is completely devoid of merit. ■ Further, ''Even if this court were of the opinion that the evidence produced by appellant was reconcilable with innocence, if the [trier of fact], on conflicting evidence, has found to the contrary, the reviewing court is powerless to interfere.'' (*People* v. *Kemp*, 55 Cal.2d 458, 471 [11 Cal.Rptr. 361, 359 P.2d 913].)

■ Appellant's assertions regarding the adequacy of his representation by counsel are so wholly devoid of merit that they must be described as frivolous. Originally appellant was charged with murder and assault with intent to commit murder and, while he was represented by counsel of his own choosing, he entered a plea of guilty to a charge of second degree murder. Subsequently this plea was withdrawn and new counsel was appointed. The trial judge quite rightly commended appellant's trial attorney for the conscientious and capable manner in which he had conducted the defense. He also correctly noted:

''This was a willful taking of a human life, and I feel the defendant got a very good break when it was fixed as voluntary manslaughter. I feel the evidence could have supported a second degree murder charge, and I don't even know if it would have been upset on a first degree murder if the trier of the fact had so found.''

Each of the actions of trial counsel complained of by appellant, such as his failure to object to the admission in evidence of the bullets recovered at the scene, his failure to

object to certain unspecified questions said to be leading, his stipulation to the reading of a missing witness' testimony at the preliminary hearing (the prosecution being prepared to prove due diligence to obtain his presence at trial), and his refraining from questioning the admissibility of testimony of a 10-year-old witness, appear not only to have been legally correct, but to have been well calculated to focus the attention of the trial court upon those few considerations which were favorable to appellant. Undoubtedly counsel's good judgment in these respects contributed greatly to the achievement of the extremely successful result which he obtained.

Respondent has called to our attention the fact that the judgment incorrectly describes the prior conviction admitted by appellant. This portion of the judgment should read "admitted prior conviction as alleged, to-wit, Cattle Theft, a felony, in the District Court of the State of Texas, in and for the County of Smith, on or about the 11th day of April, 1939, for which he served a term of imprisonment in the State Prison," rather than "Larceny from Auto, a felony, District Court of the State of New Mexico, Chaves County, January 23, 1941," an allegation which had been stricken from the information because of uncertainty whether this crime would be classified as a felony in California.

It is hereby ordered that said judgment be, and it is hereby amended and corrected in the particular and in the manner we have above indicated. As thus amended, the judgment is affirmed.

Fox, P. J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 22, 1964.